## John B. Young

*v.*

## George Browning.

1. Practice—*affidavit to require affidavit of merits with pleas.* Under the thirty-sixth section of the Practice Act of 1872, which provides that, if the plaintiff in a certain class of suits shall file with his declaration an affidavit, showing the nature of his demand, etc., he shall be entitled to judgment, as in case of default, unless the defendant, his agent or attorney, shall file with his plea an affidavit of merits, the plaintiff is not required to file his own affidavit, to be entitled to the benefit of the section, but all he is required to file is an affidavit.

2. Where the plaintiff files an affidavit with his declaration, as required by section 36 of the Practice Act of 1872, if the defendant files pleas without the affidavit required of him, the court may properly strike them from the files, and render judgment by default.

Appeal from the Superior Court of Cook county.

This was an action of assumpsit, by George Browning, against John B. Young, upon a bill of exchange accepted by the defendant. The opinion of the court states the other necessary facts.

Mr. A. Garrison, for the appellant.

Messrs. Hutchinson & Luff, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It is urged that the court below erred in rendering judgment notwithstanding the unsworn pleas of the defendant. The argument is, that the affidavit filed with the declaration is not that of the plaintiffs themselves, and was, therefore, not in conformity with the requirements of the Practice Act, and, for that reason, defendant was not required to verify his pleas with an affidavit of merits.

The thirty-sixth section of the Practice Act (Laws of 1872, p. 344), provides that, if the plaintiff in any suit upon a con-

tract, express or implied, for the payment of money, shall file with his declaration an affidavit, showing the nature of his demand and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment, as in case of default, unless the defendant, or his agent or attorney, if the defendant is a resident of the county in which the suit is brought, shall file with his plea an affidavit, stating that he verily believes he has a good defense to the suit on its merits to the whole or a portion of the plaintiff's demand, and, if a portion, specifying the amount, etc.

It will be seen that the language of the section is, that if the plaintiff shall file an affidavit with his declaration. It is not, that if he shall file *his* affidavit, but " an affidavit." This language is so clear that we fail to see how the slightest doubt of its meaning can be entertained. We can see no room for construction. We should do violence to the language of the statute if we were to hold that the plaintiff must file his own affidavit before he would be entitled to the benefit of the statute. It, then, follows that the affidavit conformed to the statute, and the plaintiffs were entitled to a judgment, as in case of default, as the defendant failed to file the affidavit required by the statute, with his pleas. The court below did right in striking the pleas from the files and rendering judgment as it did.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*