CARTER H. HARRISON

*v.*

CONSIDER H. WILLETT.

1. AFFIDAVIT OF MERITS—*its requisites.* An affidavit of merits which meets all the substantial requirements of the statute, although not in its precise words, is sufficient.

2. Where an affidavit of merits, filed under section 36 of the Practice Act of 1874, states that the defendant has a good and valid defense to the whole of the suit, upon the merits, as he verily believes, it is a sufficient compliance with the requirements of the statute.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. MONROE, BISBEE & GIBBS, for the appellant.

Messrs. WILLETT & HERRING, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, upon a promissory note, the declaration being accompanied by the usual affidavit in such cases.

The defendant pleaded the general issue, and a special plea setting out his whole defense, which was accompanied by an

affidavit that he has a good and valid defense to the whole of said suit, upon the merits. as he verily believes.

The court adjudged the affidavit insufficient, and ordered the pleas to be stricken from the files, entered a default for want of a plea, heard evidence on the question of damages and rendered final judgment thereon against the defendant, from which the defendant appeals.

Section 36 of the Practice Act, chapter 110, R. S. 1874, p. 779, provides, if the plaintiff, in an action upon a contract, expressed or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him after allowing all just credits, if any, he shall be entitled to judgment as in case of default, unless the defendant shall file with his plea an affidavit stating that he verily believes he has a good defense to said suit, upon the merits, to the whole or a portion of plaintiff's demand.

We do not see wherein this affidavit fails to meet all the substantial requirements of this statute. It is not precisely in the words of the statute, but it alleges every fact required by it. An objection is made that it does not contain the very words of the act. We can see no shade of difference in the meaning of the words used in the affidavit and in the act. A defense to a suit, upon its merits, to the whole of a plaintiff's demand, is declaring no more than that he has a defense to the whole suit, for that is made of the whole demand.

The objection is wholly captious, and should not have prevailed. It was error to allow it, and for the error the judgment must be reversed and the cause remanded, that defendant may have a trial upon the merits.

*Judgment reversed.*