### NATHANIEL P. WILDER

*v.*

### JOHN M. ARWEDSON.

1. PRACTICE—*to require affidavit of merits from defendant.* The statute does not require that the plaintiff shall file his own affidavit with his declaration, in order to require the defendant to file an affidavit of merits. The affidavit of any one cognizant of the facts, will be sufficient.

2. SAME—*affidavit required when defendant is in default.* Where a plea, without affidavit, is filed in a case where such affidavit is required, the plaintiff will be entitled to judgment by default; and if the defendant, on motion to strike his plea from the files, asks for leave to file an affidavit of merits with the plea, it is proper to require him to disclose, by affidavit, the nature of his defense, that the court may see whether it is meritorious or not.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. FULLER & SMITH, for the appellant.

Messrs. JACKSON & SKINNER, for the appellee.

Per CURIAM: This was an action, brought by appellee, in the Superior Court of Cook county, against appellant, upon a

check drawn by appellant on the Central National Bank of Chicago, payable to the order of David A. Gage, and by him indorsed to appellee.

An affidavit of the attorney of the plaintiff was filed with the declaration, which, in substance, states that the action is based upon, and is brought to recover, the amount of the check, and that there is due from the defendant to the plaintiff, after allowing all just credits, deductions and set-offs, $2700.

To the declaration, appellant filed his plea of the general issue, but no affidavit of merits. The plea, on motion, was stricken from the files, and judgment was entered upon the check for $2520.83, to reverse which this appeal was brought.

It is, first, urged by appellant that, as the plaintiff did not file his own affidavit with his declaration, he was not required to file with his plea an affidavit of merits.

It is a sufficient answer to this position that the statute does not require the affidavit of the plaintiff himself to accompany the declaration. The language of the statute is, "If the plaintiff shall file with his declaration *an* affidavit." If the legislature had intended to require the affidavit of the plaintiff, the word *his* no doubt would have been used; but independently of the words used in the act, we perceive no good reason why any person acting for the plaintiff, and who is cognizant of the facts, may not with as much propriety make the affidavit as the plaintiff himself.

The appellant, however, claims that if he ought to have filed an affidavit of merits with his plea, the court erred in not permitting it to be done on his motion.

When the plea was filed without an affidavit, the plaintiff was entitled to a default, and it was not improper for the court, after the plaintiff moved for a default, for the want of an affidavit to the plea, to require the defendant to disclose, by affidavit, the nature of his defense, in order that the court might see whether the defendant had a meritorious defense to the action or not.

The affidavit filed by appellant did not disclose a legal defense to the action, and the court properly permitted the

plea to be stricken from the files. Had the appellant desired a trial under the issue tendered by his plea, he ought to have filed an affidavit, as required by the statute, with his plea; but this he failed to do, and if he has been injured, it is through his own neglect.

But we fail to see wherein appellant has been injured. The evidence before the court was ample to authorize the judgment, and as no substantial error appears in the record, the judgment will be affirmed.

*Judgment affirmed.*