## The Bank of North America
### *v.*
## Chicago, Danville and Vincennes Railroad Co.

82   493
45a 571

1. Corporations—*residence is where their principal office is.*   In a suit against a corporation, an affidavit of claim, filed with the declaration, stating the amount due from defendant to plaintiff, and that the principal office of defendant is in the county where the suit is brought, is sufficient to show that the defendant is a resident of that county, within the meaning of the act providing for the filing of such affidavits.

2. Practice—*affidavit of merits.*   Where the declaration in an action of assumpsit contains a special count upon a promissory note, and the common

counts, and the plaintiff files with his declaration an affidavit of claim, in accordance with the Practice Act, a plea denying the execution of the note, verified by affidavit, is not a compliance with the statute requiring an affidavit of merits, and it is not error to strike such plea from the files.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. WALKER, for the appellant.

Messrs. McCAGG, CULVER & BUTLER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Our first conclusion in the present case was, that the court below erred in striking the defendant's plea from the files, and that its judgment should be reversed, and we, accordingly, so adjudged. A rehearing having been ordered, on further and more mature deliberation we have come to the conclusion that our former judgment should be changed, and the judgment of the court below affirmed.

The form of action is assumpsit, and the declaration contains a special count on a promissory note of the defendant, executed by J. E. Young, its manager, bearing date July 29, 1873, payable to one S. J. Walker, four months after date, for $8000, and by Walker assigned to the plaintiff, and also the common counts.

Annexed to the declaration was the affidavit of J. W. Culver, one of plaintiff's attorneys, that the demand of the plaintiff was for the whole amount due on the promissory note, which was copied in full, and that there was due from the defendant to the plaintiff, after allowing to defendant all its just credits, deductions and set-offs upon the promissory note, the full and just sum of $8383.92, at the date of the affidavit, and that the defendant's principal office was in Cook county.

The defendant filed a plea denying the execution of the note, verified by the affidavit of its president. This plea was, on motion of plaintiff's attorney, ordered by the court to be stricken from the files for want of an affidavit of merits, and

judgment was thereupon rendered in favor of the plaintiff against the defendant, by default, for $8414.67.

Proper exceptions were taken, and the errors assigned bring these rulings of the court before us for review.

The objection that the affidavit of Culver, annexed to the declaration, was insufficient, because he was but an agent or attorney of the plaintiff, and not the plaintiff in the action, is answered by *Young* v. *Browning*, 71 Ill. 44, and *The Bank of Chicago* v. *Hall*, 74 Ill. 106, where we held an objection of the same character untenable, and we are not convinced by the arguments in the present case that we were in error in so holding.

But, it is further insisted, no affidavit of merits was required to be filed with the plea, because the defendant is a corporation organized and doing business under and by virtue of the laws of the State of Indiana, and therefore comes within the exception in the statute requiring an affidavit of merits to be filed with the plea.

The language of the statute is: " If the plaintiff, in any suit upon a contract, expressed or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment as in case of default, unless the defendant, or his agent or attorney, *if the defendant is a resident of the county in which the suit is brought*, shall file with his plea an affidavit, stating that he verily believes he has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and if a portion, specifying the amount (according to the best of his judgment and belief.)"

The affidavit annexed to the declaration alleged that the defendant's principal office was in Cook county. The citizenship (if that term may strictly be applied to a corporation) of the defendant, it will be seen, is unimportant—it will be sufficient if it is a *resident* of the county; and for the purposes of this question, we think, the well known distinction between

*citizen* and *resident,* as applicable to persons, should be observed. The rule laid down, and since recognized by this court, in *Bristol* v. *The Chicago and Aurora Railroad Co.* 15 Ill. 436, is this: "The residence of a corporation, if it can be said to have a residence, is necessarily where it exercises corporate functions. It dwells in the place where its business is done. It is located where its franchises are exercised." And it was, therefore, held, that the corporation, in that case, had a legal residence in any county in which it operated its road. While the citizenship of the corporation would depend upon the place of the law of its creation, its residence might, manifestly, upon the principle above stated, be in any State where it was, by comity, permitted to exercise its franchise. The defendant, therefore, having, as we must accept from the plaintiff's affidavit, its principal office in Cook county, is, to all intents and purposes, within the meaning of the act, a resident of that county, and is not within the exception.

The remaining question is, whether the affidavit that the defendant did not execute and deliver the note in manner and form, etc., is a sufficient affidavit that the defendant has a good defense to the merits of the action, within the contemplation of the statute.

We do not regard *Castle et al.* v. *Judson et al.* 17 Ill. 381, and *Wilborn* v. *Blackstone et al.* 41 id. 264, as sustaining plaintiff's position. In the first of these cases the affidavit was held to be more than equivalent to that required by the statute, and in the other case the affidavit followed the language of the statute; but the objection was, that it was not entitled of the court or term to which the cause was appealed, and the court held, that being properly entitled in the case and regularly filed, it was sufficient, without specifying the court and term. What was said in *Castle et al.* v. *Judson et al.*, as to the object of the act and the rule of construction, although that was a local act, confined to Cook county, will apply as well to the act before us. It was there said: "The object of the act seems to be to facilitate and expedite the disposition and trial of causes brought there, so as to prevent un-

necessary delay to suitors from the great accumulation of causes, upon frivolous defenses, as is very manifest.   *   *   *
We should keep this object in view in interpreting the provisions of this act, and give it a liberal interpretation to accomplish that end."

It is true, also, as was said in *Wilborn* v. *Blackstone et al.,*
" The statute was not designed to cut off meritorious defenses, but to prevent unjust delays in the administration of justice."
And we have therefore held that the affidavit will be sufficient, although not in the precise phraseology of the statute, if, in substance, it is equivalent. *Harrison* v. *Willett,* 79 Ill. 482.

The plea puts in issue only the note as it is described in the special count, and if, therefore, the note offered in evidence should be so materially variant therefrom as to be inadmissible in evidence under that count, the plea would be sustained; and yet the plaintiff, by making proof of its execution, might recover the amount due upon it under the common counts. But again, the plea would be sustained if it should appear that Young, as manager, had no legal authority to bind the defendant by executing the note.   Still, in this, he might have acted honestly and conscientiously—the defendant might have been indebted to Walker in the amount of the note, or it might have been indebted to the plaintiff in that amount, and the attempt to bind the defendant by the note have been for a sufficient and full valuable consideration, but unavailing only for the want of legal authority in Young.   In such case, the debt would remain unaffected by the void note, and if it was originally due from the defendant to the plaintiff, or if originally due from the defendant to Walker, but the defendant, for a sufficient, valuable consideration, after the creation of the debt and upon the request or with the assent of Walker, promised to pay the debt to the plaintiff, the plaintiff would be entitled to recover the amount under the common counts.

The language of the statute and the affidavit are not, therefore, equivalent.   The one requires it to be stated there is a defense upon the merits to the whole or a part of the demand,

specifying the amount; the other presents a defense which does not, necessarily, go farther than to affect the character of the evidence admissible.

The judgment is affirmed.

*Judgment affirmed.*