GEORGE F. BRIGHAM *et al.*

*v.*

ANDREW ATHA *et al.*

PRACTICE—*affidavit of claim not necessarily the affidavit of plaintiff.* It is not essential that the affidavit of claim filed with the declaration, as provided in the Practice Act, should be sworn to by the plaintiff, himself. The affidavit may be made by any one conversant with the facts.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BENNETT, KRETZINGER & VEEDER, for the appellants.

Mr. D. E. K. STEWART, and Mr. WILLIAM L. MOSS, Jr., for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

With his declaration, plaintiff filed an affidavit of claim, sworn to by D. E. K. Stewart, who was his attorney in the cause. No affidavit of merits was filed with defendant's plea. For that reason, it was stricken from the files, and judgment rendered against defendant as by default.

The argument is, the affidavit of claim can be made by no one except plaintiff himself, and hence the affidavit of his agent or attorney is a nullity. Under the Practice act, when a plaintiff shall file with his declaration an affidavit showing the nature of his demand and the amount due him, he shall be entitled to a judgment as in case of default unless defendant, his agent or attorney, shall file with his plea an affidavit of merits. R. S. 1874, sec. 37, p. 779.

It will be observed, the statute does not require plaintiff to file his own affidavit, but simply an affidavit showing the nature of his demand and the amount due him. It is apprehended, this affidavit may be made by any one conversant with the facts. Instances might occur where the agent or attorney would possess more accurate knowledge of the nature of plaintiff's demand, and of the amount due him, than plaintiff himself. All the business out of which the claim arose may have been transacted by an agent or attorney, and in such cases it would be eminently proper the affidavit of claim should be made by such agent or attorney.

This statute should have a reasonable construction. No such restricted construction should be given as would defeat its designs. It can make no difference who makes the affidavit of claim, so it is the truth. The effect on defendant is the same, and whether made by plaintiff or his agent or attorney, it is sufficient under any fair construction of the statute. Plaintiff, having substantially complied with the law, was entitled to a judgment as in case of default, unless defendant filed with his plea the statutory affidavit of merits. This he failed to do, and the plea, for that reason, was properly stricken from the files.

The judgment will be affirmed.

*Judgment affirmed.*