JACOB JOHNSON *et al.*

*v.*

THE CHICAGO AND PACIFIC ELEVATOR COMPANY.

*Filed at Ottawa November 20, 1882.*

1. SPECIAL LEGISLATION—*requiring affidavit of merits in cases of attachment of water craft.* Section 19, chapter 12, of the Revised Statutes, entitled "Attachment of Water Craft," which requires an affidavit of merits to be filed with the defendant's or claimant's exception, demurrer or answer to the petition, and authorizes a default if the same is not so filed, is not in violation of section 22, article 4, of the State constitution, prohibiting special legislation.

2. SAME—*judgment in attachment proceeding, against principal and surety in bond given for return of property.* Where water craft seized under attachment has been bonded, as provided in section 15 of the act, if, upon the trial, judgment shall pass for the petitioner, and the water craft has been discharged, "said judgment or decree shall be rendered against the principal and sureties in the bond." It is *held,* this provision of the statute for judgment against the principal and sureties is not open to the objection of being special legislation. It is the general law as to all bonds of that kind.

3. PRACTICE—*leave to file affidavit of merits with pleading nunc pro tunc.* Where a defendant in an attachment of a steam tug-boat files a demurrer to the petition within the time required by statute, but without any affidavit of a meritorious defence, and no sufficient reason is shown for not so filing the affidavit, there will be no error in refusing to allow it to be filed *nunc pro tunc,* and entering a default in the case.

4. ATTACHMENT BOND—*when objection rendered immaterial.* An attachment bond given in an attachment of a boat, was conditioned to pay a person named such costs and damages as should be awarded for wrongfully suing out the writ, instead of to pay the owner or other person interested in

the vessel, as the statute requires; but the boat was bonded and released on the same day it was attached, so that no material ·damage was caused by the attachment: *Held*, that the defect in the bond constituted no substantial objection.

5. SAME—*judgment against surety without service.* Where a bond is given under a particular statute, the statute will enter into the bond and form a part of its obligation, and where the statute provides that in case of a recovery in the suit in which it is given, judgment shall be entered for the sum found against the principal and surety in the bond, it may be so entered without the service of process on the surety or his appearance in the case. The execution by him of such bond is a virtual consent that judgment may go against him, and by such consent he is bound by the judgment.

6. ATTACHMENT OF BOAT—*judgment when boat is bonded.* Where a water craft attached has been discharged from custody on bond being given for the payment of whatever judgment the plaintiff may recover, no judgment can be rendered against the vessel. The only judgment in such case that can be rendered, is against the principal and surety in the bond.

7. SAME—*allowing new party to come in and defend.* After the discharge of a boat from attachment, by the giving of the bond required by the statute, so that no judgment can pass against the boat, a part owner has no right to be made a party defendant, where the cause of action is a tort, as he has no interest in the suit, and will not be affected by any judgment against the obligors in the bond given to release the boat. There is no right of contribution between wrong-doers.

8. MARITIME LAW—*injury to property on land.* Where, through the negligence of those managing a steam tug-boat in towing a schooner in the navigable waters of the Chicago river, the schooner is run into an elevator situated on the land, breaking the same, and causing the loss of a quantity of grain, the tort is not a maritime one, and within the exclusive jurisdiction ·of a court of admiralty. In such case the State courts may afford a remedy for the injury.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county.

This was a suit commenced by petition in the circuit court of Cook county, under chapter 12 of the Revised Statutes, entitled "Attachment of Water Craft," by the Chicago and Pacific Elevator Company, against Jacob Johnson, for damages arising from the tug-boat "Parker," of which Johnson was alleged to be the owner, through the negligence of the

agents of Johnson then in charge of the tug-boat towing the schooner "G. C. Trumpf," on the Chicago river, whereby the schooner ran into the elevator of the petitioner, breaking the same, and causing a quantity of corn to run out into the river. A writ of attachment accordingly issued, in obedience to which the sheriff attached the tug-boat, and summoned Johnson to appear. The boat was attached the same day the writ was issued, and was on the same day bonded, under section 15 of the statute, by Johnson, Henry A. Christy becoming his surety on the bond. Upon the return day of the writ Johnson filed a special demurrer to the petition. Thereafter, a default was asked by the petitioner because no affidavit of a defence upon the merits had been filed with the demurrer, as required by section 19 of the statute. Before the default was granted Johnson presented such an affidavit, and asked leave to file the same *nunc pro tunc*, as of date of the demurrer, five days previous, which was denied. James B. Carter then presented an affidavit showing that he was part owner, and interested in the suit, and requested that he might be made defendant, with leave to file an answer, under section 11. This the court denied. Johnson then moved to vacate the default, but the court refused to vacate the same, and Johnson then moved to dismiss the petition for want of jurisdiction, which motion the court overruled. The plaintiff's damages were then assessed by a jury at $300, a motion for a new trial was overruled, and the court entered up judgment jointly against Johnson, and Christy, who had given the bond. Johnson, Carter and Christy appealed, and the judgment was affirmed by the Appellate Court for the First District, and an appeal taken to this court.

Messrs. MAGEE & ADKINSON, for the appellants:

The requirement of an affidavit of merits with a demurrer is a special law of practice, and violates section 22, article 4, of the constitution.

An affidavit of merits is only required in answer to a sufficient affidavit of claim. *Zenas* v. *Strasberger,* 71 Ill. 372.

A part owner ought to have been allowed to be made a defendant, and to defend as requested, before default granted, and even after. New parties may be added when necessary. Secs. 11, 12, chap. 12, and sec. 24, chap. 110; *Propeller "Hilton"* v. *Miller,* 62 Ill. 281.

No judgment could be rendered against Christy, because he was liable only according to the condition of the bond, and because section 21, chapter 12, is invalid, being special legislation,—making sureties on attachment bonds, in attachments against water craft, liable, as no other sureties on other bonds are liable, and contrary to the conditions of their contract and the practice in courts of justice in this State.

The Attachment of Water Craft act is invalid in attempting to give a State court the right to enforce a lien *in rem* against a vessel above twenty tons burden, engaged in domestic commerce, duly enrolled and licensed by the United States. Exclusive jurisdiction for that purpose is in the District Courts of the United States, and the motion to dismiss should have been sustained. Sec. 2, art. 3, constitution of United States; secs. 8, 9, Judiciary act; *The "Eagle,"* 8 Wall. 20; *The "Lotomana,"* 21 id. 567; *The "Belfast,"* 7 id. 646; *Hine* v. *Turor,* 4 id. 570; *The "Moses Taylor,"* id. 411; *Western* v. *Morse,* 40 Wis. 459.

Messrs. RAE & SMITH, for the appellee:

The statute requires the bond to be made payable to the owner of the boat, if known; if not known, to the "owner or other person interested. Where the owner is known, the bond is to run to him alone; but if the bond was not proper, the defect could be reached only by a motion to dismiss, thus affording an opportunity to obviate the objection by amendment.

The requirement of an affidavit of merits with a demurrer is not special legislation, any more than an affidavit in attachment. It is general to this class of cases.

The part owner who is not sued, and who has not signed the bond, has no interest in the suit after the tug-boat is discharged, for judgment could not go against him or the boat, or in any way affect his rights. The surety, in executing the bond, submitted himself to the jurisdiction of the court, the law being a part of the bond, and he is bound thereby, and estopped from denying any of its recitals.

That a judgment may be constitutionally entered against sureties on a bond, is decided in *Beall* v. *New Mexico,* 16 Wall. 539.

The case is not one of admiralty jurisdiction. It is a tort committed by a vessel and its officers upon a warehouse on land, and, as such, not within the admiralty jurisdiction. The "*Plymouth,*" 3 Wall. 20, not being so, a proceeding *quasi in rem* only, established by State legislation, concerning torts not cognizable within the admiralty jurisdiction, can not be said to contravene any provision of the constitution of the United States, which confers on it conclusive admiralty jurisdiction.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

There are various errors assigned. It is objected that the requirement of an affidavit of a defence upon the merits to be filed with a demurrer, is a special law of practice, and violates section 22, article 4, of the State constitution, respecting special legislation. We do not regard this requirement as special legislation. It is general to this class of cases.

It is alleged the petition and bond were insufficient, and that no affidavit of merits could be required until a sufficient petition and bond had been filed. We do not consider the petition defective in the particulars pointed out. The objec-

tion to the bond is, that it is conditioned to pay Johnson such costs and damages as shall be awarded for wrongfully suing out the attachment, instead of to pay the owner or other person interested in the water craft, as the statute requires. As the boat was bonded on the same day it was attached, and not likely any material damage came from the attachment, we see nothing substantial in this objection.

It is urged that if an affidavit of merits was essential, the court should have allowed it to be filed at the time asked. The statute is imperative that such affidavit shall be filed with the demurrer. No sufficient reason was shown for not filing it at the time required. There was an affidavit of the matter of defence filed in support of the motion; but neither that nor anything else appearing in the case disclosed any meritorious defence, more than is here considered and passed upon by us, and we find no error in disallowing the motion. *Wilder* v. *Arwedson,* 80 Ill. 435.

It is insisted it was error to refuse the application of Carter to be made a defendant. The bond which had been given by Johnson and Christy, under section 15, bound the obligors to pay all moneys which should be adjudged to be due to the petitioner, and upon the giving of the bond, the boat, under the statute, was restored to the owner, and thenceforth discharged from the lien secured by the bond, unless, upon motion, the court should order the same again into custody on account of the insufficiency of the surety; and where the water craft has been discharged from custody, the only judgment which is rendered is against the principal and surety in the bond. The part owner, then, (Carter,) at the time he applied to be made a defendant, had no interest in the suit, the tug-boat having been discharged, for judgment could not go against him or the boat, or in any way affect his rights. The court, at the time, had no jurisdiction of the tug-boat. It is suggested that the part owner would have an interest in the suit after the boat was bonded,—that he would be liable

to contribute to pay the judgment; but the principle is, that there is no right of contribution between wrong-doers. We find no error in denying this application of Carter.

It is urged that the judgment against Christy, the surety, together with Johnson, the principal in the bond, is void, as Christy was never summoned or appeared in the suit. The statute provides, if, upon the trial, judgment shall pass for petitioner, and the water craft has been discharged, "said judgment or decree shall be rendered against the principal and sureties in the bond." The bond being given with this statute existing, the law entered into the bond and formed a part of it, so that, from the entering into the bond, there was a virtual consent on the part of the surety that judgment might thus go against him upon the bond, and by virtue of such consent he is bound by the judgment. *Whitehurst* v. *Coleen*, 53 Ill. 247; *Hennies* v. *The People*, 70 id. 100; *Beall* v. *New Mexico*, 16 Wall. 535.

As to this provision for judgment against the principal and surety being special legislation, the same answer may be made as above in respect to the affidavit of merits,—it is the general law as to all bonds of that kind, and so not open to the objection of being special legislation.

The most important question is as to the jurisdiction of the court below. It is insisted that the cause of action here was a marine tort, which is of admiralty cognizance, over which the District Court of the United States has exclusive jurisdiction, under the act of Congress giving such court exclusive jurisdiction of all causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common law remedy where the common law is competent to give it; that the remedy here pursued is a statutory one, and not a common law remedy, and that the statute of this State can confer no jurisdiction on the courts of this State to entertain the proceeding which it provides. We need not inquire how this might be if the tort complained of was a maritime tort,

as we do not consider it to be one of that character. It was a tort committed by a vessel and its officers upon a warehouse *on land*, and so not a marine tort, and within the admiralty jurisdiction. To make it such, the locality of the injury must have been on the high seas or other navigable waters. True, the negligence from which the injury resulted occurred on the navigable water of the Chicago river, but the damage done was wholly upon the land, and in such case we do not understand that the fact that the cause of the damage originated on water subject to the admiralty jurisdiction, makes the case one for admiralty cognizance.

This would seem to be a parallel case with that of *The "Plymouth*," 3 Wall. 20, where a steam propeller anchored beside a wharf in Chicago river, owing to the negligence of those in charge, took fire, the flames of which extending to the wharf and certain packing houses thereon, set the last on fire, consuming them and their contents. It was held, that a libel for the tort filed in the admiralty court was properly dismissed for want of jurisdiction. It was there said that the entire damage occurred, not on the water, but on land; that the origin of the wrong was on the water, but the substance and consummation of the injury was on land, and so was not a case within the admiralty jurisdiction. The same remarks may be truly repeated with reference to the present case. We do not perceive that the cases are distinguishable in principle, and think they should fall within the same rule of decision.

Finding, then, that the tort here complained of was on land, and not a maritime tort, and the case not one of admiralty jurisdiction, the remedy we regard as a purely domestic affair, which it was within the competency of the legislature of the State to give. We think the motion to dismiss for want of jurisdiction was properly denied.

The judgment will be affirmed.

*Judgment affirmed.*