## The Beck & Pauli Lithographing Company v. Monarch Brewing Company.

### Gen. No. 12,990.

1. CORPORATIONS—*how sufficiency of service upon, may be questioned by plea.* It is proper to question the propriety of the service upon a corporation by "a plea to the jurisdiction of the court in the nature of a plea in abatement." Such a plea need not be verified and need not conform either in its technical construction and averments to the rules applicable to pleas strictly in abatement.

Action in *assumpsit.* Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed March 22, 1907.

Statement by the Court. This is an appeal from a judgment rendered after the court had sustained a demurrer to replications filed by appellant to a plea filed by appellee, and after appellant decided to stand by its replications.

The action is *assumpsit* on an alleged written contract. The summons was returned by the sheriff as follows:

646    APPELLATE COURTS OF ILLINOIS.

VOL. 131.]    Beck & Pauli Lith. Co. v. Monarch Brewing Co.

"Served this writ on the within named defendant, Monarch Brewing Company, by delivering a copy thereof to Isidor Baumgartl, secretary of said company, on the 16th day of October, 1901, the president of said company not found in my county." It is duly signed by the officer and verified.

The plea to which the plaintiff filed the four replications demurred to by the defendant is as follows:

"And the said Monarch Brewing Company, a corporation aggregate, etc., by Messrs. Rubens, Dupuy & Fischer, its duly authorized attorneys-in-fact, comes and defends, etc., and says that the said Isidor Baumgartl was not at the time of the service of said alias writ of summons upon him, the said Isidor Baumgartl, to wit: on the 16th day of October, 1901, nor for a long time prior thereto nor since, nor is the said Isidor Baumgartl now the secretary of the said Monarch Brewing Company, nor president, clerk, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any agent of said company, to wit: at the county aforesaid, and this the said Monarch Brewing Company is ready to verify.

Wherefore it prays judgment if the court here will take cognizance of the action aforesaid.

RUBENS, DUPUY & FISCHER,
Attorneys-in-Fact for Monarch
Brewing Co.

Isidor Baumgartl, being first duly sworn, deposes and says that he has read the foregoing plea, and that the same and the statements therein contained are true.

ISIDOR BAUMGARTL.

Subscribed and sworn to before me this 18th day of November, A. D. 1901.

THEO. J. JOHNSON,
Notary Public."

The plaintiff sought to have the demurrer carried back and sustained to the plea. This the court declined to do, and sustained the demurrer to the second, third and fourth replications, but overruled it as to

the first. The plaintiff then withdrew its first replication and stood by the other three. Judgment was thereupon entered in favor of the defendant, from which this appeal was prayed.

Wickett, Meier & Booth, for appellant.

Rubens, Fischer & Mosser, for appellee.

Mr. Presiding Justice Freeman delivered the opinion of the court.

The only question presented is whether the defendant's plea set forth in the foregoing statement is good. If not, then the defendant's demurrer should have been carried back and sustained as to its own plea. If the plea is good the judgment of the Circuit Court should be affirmed.

It is contended in behalf of appellant that the plea in question raises only the question whether Baumgartl, upon whom alone service was had, was secretary of the Monarch Brewing Company, as stated in the sheriff's return, or connected with said company in any other of the offices or employments mentioned in the plea; that the question whether or not a person served as agent of the corporation was or is such agent, must be raised by plea in abatement in a case like the present, that the plea in controversy is not a plea in abatement and therefore the trial court erred in not sustaining the demurrer carried back to the plea.

In Greer v. Young, 120 Ill. 184-191, cited by appellant's attorneys, it is said: ''The rule as recognized here in repeated decisions, and which is in strict accord with the common law practice is, that any defect in the writ, its service or return, which is apparent from an inspection of the record may properly be taken advantage of by motion; but where the objection is founded upon extrinsic facts the matter must be pleaded in abatement so that an issue may be made thereon and tried, if desired, by a jury like any other issue of fact.''

648     APPELLATE COURTS OF ILLINOIS.

Vol. 131.]    Beck & Pauli Lith. Co. v. Monarch Brewing Co.

It is urged that the plea in question is defective as a plea in abatement because, as it is contended, (1) "it does not give a better writ;" (2) "Its commencement 'comes and defends', etc., and its conclusion 'prays judgment if the court will take cognizance of the action aforesaid' are the commencement and conclusion of a plea in bar, *i.e.* a plea to the jurisdiction"; (3) that the plea in controversy purports to be a plea in bar and to state a complete defense to the cause of action, whereas a plea in abatement is merely dilatory and only defeats the present action.

It is argued that the plea is defective as a plea to the jurisdiction since it does not present an absolute defense forever to the plaintiff's suit within this jurisdiction; that such plea properly pleaded excepts to the jurisdiction on the grounds that the defendant is exempted from the liability, or there is no jurisdiction over the action, or the court can not take cognizance of the subject matter and that the plea fails to show what court has jurisdiction as it ought to do to constitute a good plea.

On the other hand it is said in behalf of appellee that the plea in controversy belongs to a class of pleas recognized in this State as "a plea to the jurisdiction of the court in the nature of a plea in abatement." Howe v. Thayer, 24 Ill. 246. Pleas in this form seem to have been approved in this State as proper where the question involved is as to the jurisdiction of the court, not over the subject-matter of the suit, nor to determine the liability of the defendant if properly brought before the court, nor over the action itself, but whether the court has in fact obtained jurisdiction over the defendant, in this case by service of the writ of summons in the manner shown by the sheriff's return. In Drake v. Drake, 83 Ill. 526-527, it is said of a plea having a purpose similar to that in question here, but differing as to its conclusion which it was sought to amend by substituting words such as are used in the plea before us that "Since Kenney v. Greer, 13 Ill. 432,

Davies v. Michigan Central R. R. Co.

this court in speaking of such pleas has usually styled them pleas in abatement," and "that it could be a matter of no moment whether such a plea is technically to the writ or to the jurisdiction." It was held the amendment should have been allowed. In Howe v. Thayer, 24 Ill. 246-249, the plea is denominated a plea to the jurisdiction of the court in the nature of a plea in abatement. It is said by the court that it "was a plea to the jurisdiction of the court over the person of the defendant", and it was held it need not be verified. In National Bank v. National Bank, 90 Ill. 56-58, the court affirmed a judgment, where a plea filed to contradict the officer's return as in the case at bar was stricken from the files, but this was done on the ground that while the defense could properly be interposed by plea it could only be done at the earliest opportunity. The affirmance was on the ground that appellant did not plead that defense in apt time. Such pleas are recognized in Mineral Point Railroad Co. v. Keep, 22 Ill. 9-16; Wallace v. Cox, 71 Ill. 543-549, and other cases. It is unnecessary to extend the discussion. We regard the plea as good and not obnoxious to the demurrer. It follows that the judgment of the Circuit Court must be affirmed.

*Affirmed.*