THE NEW YORK NATIONAL EXCHANGE BANK *et al.* Appellees, *vs.* WILLIAM S. REED *et al.* Appellants.

*Opinion filed December 17, 1907—Rehearing denied Feb. 7, 1908.*

1. INJUNCTION—*suit on injunction bond may be brought while appeal is pending.* Upon dissolution of an injunction, a suit for the damages sustained by defendants may at once be brought upon the bond, notwithstanding an appeal is pending in the injunction suit.

2. PARTIES—*both parties defendant should join in suit for damages on an injunction bond.* Upon dissolution of an injunction to restrain a bank and its attorney from proceeding to collect a judgment in favor of the bank, if the injunction bond is conditioned for the payment to both the defendants of the judgment and all costs and damages, the suit on the bond is properly brought in the names of both obligees for all damages sought to be recovered.

3. PLEADING—*when defendant must file affidavit of merits.* In a suit upon an injunction bond, if the plaintiffs file an affidavit of their claim in accordance with the statute they are entitled to recover unless the defendants file with their pleas an affidavit of merits, and if the affidavit of merits is not filed the pleas are properly stricken from the files.

4. SAME—*when defendants must disclose a meritorious defense on leave to file plea instanter.* Leave to file an additional plea and affidavit of merits after defendant's pleas to a declaration on an injunction bond have been stricken from the files for want of an affidavit of merits is properly denied where the defendants fail to show a meritorious defense, the plea merely alleging the pendency of an appeal in the injunction suit and the affidavit of merits not disclosing any other defense.

5. AFFIDAVITS—*when affidavit of plaintiff's demand is not objectionable.* An affidavit filed with a declaration in an action on an injunction bond, which recites "that there is now due from the defendants to the plaintiffs, after allowing them all just credits, deductions and set-offs," etc., is not subject to the objection that it purports to allow the credits, deductions and set-offs to the plaintiffs instead of to the defendants.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

CHAS. F. DAVIES, and SOL ROSENBLATT, for appellants.

ADAMS & FROEHLICH, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

William S. Reed filed his bill in the superior court of Cook county against the appellees, New York National Exchange Bank and Elmer H. Adams, its attorney, to enjoin the prosecution of a *scire facias* to revive a judgment for $1019.29 recovered by the bank against Reed and to enjoin any attempt to collect the judgment. Reed gave a bond, with the Fidelity and Deposit Company of Maryland as surety, conditioned for the payment of the judgment and of all costs and damages sustained by the bank and Adams, or either of them, in case the injunction should be dissolved. A preliminary injunction was granted, which was afterward dissolved, and the bill was dismissed for want of equity, with an award of costs to the defendants therein and $100 damages to the bank. Thereupon the bank and Adams brought suit in the superior court of Cook county on the injunction bond and filed with their declaration an affidavit of their claim. The defendants filed ten pleas but no affidavit of merits, and thereupon the court, on plaintiffs' motion, struck the pleas from the files, overruled the defendants' motion for leave to file an affidavit of merits and additional plea instanter, and entered judgment against the defendants by default. The defendants appealed to the Appellate Court, and from the judgment of affirmance in that court again appeal.

There was an appeal from the decree in the injunction suit which was pending when this judgment on the injunction bond was rendered, and the appellants moved for an extension of time to plead until after the disposition of the appeal. It was not error to overrule this motion. The condition of the bond was broken by the dissolution of the injunction, and the obligee was not bound to await the outcome of the appeal before pursuing his remedy on the bond.

By the express provision of the statute the appeal did not continue the injunction in force. (2 Starr & Cur. Stat. sec. 21, p. 2153.) The plaintiffs were therefore at liberty to proceed to collect their damages by a suit on the injunction bond. The appeal did not stay the prosecution of such suit.

The appellants insist that there was a misjoinder of causes of action because the declaration claims for the costs, which were awarded in favor of the bank and Adams jointly, and the judgment and damages, in which the bank alone was interested. There is only one cause of action,— the breach of the bond. The contract is to pay to both the obligees, upon condition broken, the judgment and all costs and damages, whether awarded to one or to both, and for a breach suit must be brought in the name of both obligees for all damages sought to be recovered.

The affidavit filed with the declaration stated "that there is now due from the defendants to the plaintiffs, after allowing to them all just credits, deductions and set-offs," etc. It is objected that this is a statement that there is an amount due from the defendants to the plaintiffs after allowing to the *plaintiffs* all just credits, deductions and set-offs. The objection is not well taken. (*Angus* v. *Sullivan,* 166 Ill. 461; *Angus* v. *Orr & Lockett Hardware Co.* 64 Ill. App. 378.) The affidavit was in conformity with the statute, and the plaintiffs were entitled to judgment unless the defendants filed with their pleas an affidavit of merits. No such affidavit having been filed the pleas were properly stricken. (*Filkins* v. *Byrne,* 72 Ill. 101.) On defendants' motion for leave to file the additional plea and affidavit it was proper for the court to require them to disclose a meritorious defense, setting forth its nature. (*Wilder* v. *Arwedson,* 80 Ill. 435.) The plea was bad, for it alleged only the pendency of the appeal to the Appellate Court in the injunction case, and the affidavit did not disclose any other

defense. It was not error to overrule this motion and enter judgment by default.

This record discloses no error, and the judgment will be affirmed.                                        *Judgment affirmed.*