# Louis L. Loeb, Defendant in Error, v. Leo. A. Loeb et al., Plaintiffs in Error.

## Gen. No. 16,537.

1. PRACTICE—*when affidavit of claim sufficient.* An affidavit of plaintiff's claim may be made by agent or attorney.

2. PRACTICE—*when affidavit of merits properly stricken.* If an affidavit of merits interposed by a defendant is insufficient it is properly stricken and the right of the plaintiff to judgment necessarily follows.

Error to the Municipal Court of Chicago; the HON. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912.

SIDNEY N. WARE, for plaintiffs in error.

ADLER & LEDERER, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

Defendant in error (hereinafter called the plaintiff) brought suit in the Municipal Court against plaintiffs in error (hereinafter called the defendants) to recover the amount of a balance of $254.97 claimed to be due on two promissory notes for $250 each, signed by defendants and payable to the order of plaintiff two and three months, respectively, after the date thereof and the amount of the protest fees paid. With the statement of claim, plaintiff filed an affidavit of the amount due, made by Sidney Adler, who states that he is "the attorney and agent of the plaintiff." Defendants entered their written appearance by attorney and demand for a jury trial, and, at the same time, filed an affidavit of merits to the whole of the plaintiff's demand, alleging, as their defense, that the plaintiff had "failed to return a certain promissory note previously paid by the defendants." On motion, this affidavit

was stricken from the files, and three days' time was given to file another. The next day, defendants filed a similar affidavit to the same effect, with more words. On motion, this was also stricken, and three days more were given to file another. A third affidavit was then filed stating that "there is not due upon said promissory notes  *  *  *  the sum of $254.97 and there is no sum of money due  *  *  *  for protest fees advanced." On motion, this affidavit was also stricken from the files and defendants were given two days to file an amended affidavit, but none was filed. Five days later, defendants moved to strike the plaintiff's affidavit of claim from the files. The court denied this motion, and on the counter-motion of the plaintiff, entered a default against the defendants for want of an affidavit of merits. A month later a jury trial was had and a verdict and judgment entered against defendants for $262 and costs, from which they have prosecuted this writ of error.

It is first claimed that under Section 55 of the Practice Act, an affidavit of plaintiff's claim must be made by the plaintiff in person, and cannot be made by an agent or attorney of the plaintiff. The law is well settled that such an affidavit may be made by any one cognizant of the facts. Young v. Browning, 71 Ill. 44; Bank of Chicago v. Hull, 74 Ill. 106; Wilder v. Arwedson, 80 Ill. 435; Honore v. Home National Bank, id. 489; Brigham v. Atha, 84 Ill. 43; Garrity v. Lozano, 83 Ill. 597.

It is also assigned for error, but not discussed in the briefs, otherwise than by the mere mention of the point, that the court erred in striking the several "affidavits of merits" from the files and in entering default for want of a proper affidavit. We fail to see any error in the action of the court in this regard. Defendants' affidavits were clearly insufficient, and were therefore properly stricken. The right of the

plaintiff to judgment followed. New York Exchange Bank v. Reed, 232 Ill. 123, 125.

Several minor points are raised, but we find none of them well taken.

The judgment will be affirmed.

*Judgment affirmed.*