## Andrew Bannat, Executor of the Estate of Adam Smok, Deceased, Appellee, v. Edward C. Zulley, Appellant.

1. PLEADING—*necessity for verification to plea to jurisdiction.* A plea to the jurisdiction need not be verified.

2. ESTATES OF DECEDENTS—*award under Compensation Act as part of estate.* A lump sum award made under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, paid to the attorney of an injured party during the latter's lifetime passed beyond the control of the provisions of that act or the powers of the commission and upon the injured man's death became a part of his estate.

3. ESTATES OF DECEDENTS—*duty to reduce estate to possession.* It is the duty of the executor of an estate to acquire possession of money due his estate including the award paid to decedent's attorney for injuries sustained by decedent and to institute suit therefor if necessary.

4. PLEADING—*when limited appearance immaterial in determining character of plea.* That a plea is made on limited appearance is immaterial in determining the question whether it was a plea to the jurisdiction or a plea in bar after defendant was regularly served with process, which is sufficient to give the court personal jurisdiction.

5. PLEADING—*when plea is in bar and not to the jurisdiction.* A plea which sets up the defense that money claimed in an executor's action to be withheld by an attorney who received it as a lump sum award from the industrial commission in settlement for injuries to executor's decedent, should be paid under the Workmen's Compensation Act to the widow and children, instead of the estate, and setting up the pendency of a petition to the industrial commission to determine the proper disposition of the award is not a plea to the jurisdiction but in bar.

6. PLEADING—*when plea and affidavit may be stricken.* Under Cahill's St. ch. 110, ¶ 55, the court was justified in striking from the files the plea and defendant's attached affidavit which did not purport to be an affidavit of merits, after plaintiff had filed his declaration with affidavit of merits.

7. ABATEMENT AND REVIVAL—*when pendency of petition before in-dustrial commission does not defeat right to sue for award.* That defendant had, prior to the instant suit by an executor to obtain a lump sum award paid for his decedent to defendant by the industrial com-mission, filed his petition with the commission to have it determine the rights to such money award, does not defeat plaintiff's right to sue.

8. INTEREST—*when attorney holding lump sum award under Com-pensation Act liable for.* An attorney who was paid a lump sum award from the industrial commission for his client's injury under the Work-men's Compensation Act, who knew of his client's death in June, 1921, and who did not file with the industrial commission his petition to determine the rights to such money until January, 1925, may be charged with interest thereon in the executor's suit to recover the sum for his estate.

9. JUDGMENT—*when may be entered for amount set out in affidavit of merits on striking plea.* The court may properly enter judgment for plaintiff for the amount set forth in his affidavit of merits after striking from the record defendant's plea upon the latter's neglect to file an affidavit of merits in response to plaintiff's.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 19, 1927.

LOUIS BEASLEY, for appellant.

C. E. POPE and H. F. DRIEMEYER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.
An action in assumpsit was instituted in the circuit court of St. Clair county by appellee as executor of the estate of Adam Smok, deceased, against appellant for the recovery of the amount of a certain bank check of $800 issued by appellant to said deceased in his life-time.

The declaration consists of the consolidated common counts, and a special count alleging in substance that appellant in the lifetime of said decedent represented him as his attorney in the prosecution of a claim for compensation against the American Manufacturing Company, and that as a result thereof there came to

the hands of appellant the sum of $1,076.55; that appellant retained $276.55 therefrom, and gave to said Adam Smok his check on the Southern Illinois National Bank for the sum of $800; that before said check was presented for payment, said bank was instructed by appellant not to pay the same; that said check, or the amount thereof, was not paid to the said Smok in his lifetime, or to appellee as the executor of said estate, alleging damages, etc. With said declaration was filed an affidavit of merits setting forth the amount due to appellee as such executor to be $983.33.

To said declaration appellant filed what he designates as a plea to the jurisdiction. Said plea purported to be on limited appearance, and among other things alleged that Adam Smok "sustained personal injuries arising out of and in the due course of his employment with the American Manufacturing Company, resulting in his total and permanent disability; that a claim was prosecuted under the Workmen's Compensation Act by appellant as attorney for Smok, and that the Industrial Board on May 27th, 1925, awarded Smok the sum of $1,069.55; that immediately thereafter said sum was forwarded to appellant and his partner by said American Manufacturing Company, and that Smok, after receiving $269 from appellant and his said partner, directed appellant to hold said balance of $800, without charge or expense to them, and thereupon appellant made and delivered to Smok a check for $800, drawn on the Southern Illinois National Bank; that thereafter Smok became affected with tuberculosis, from which he afterward died; that appellant made several attempts to communicate with the widow and minor children of said deceased at their supposed places of residence in the United States of America and in Europe, by forwarding letters to their respective places of residence according to the information as to their whereabouts furnished to appellant by the said Adam Smok in his lifetime, and being un-

able to receive a reply to his letters, this defendant and his said partner afterward, on the 29th day of January, A. D. 1925, filed their petition with the Industrial Commission of Illinois, setting out the facts substantially as above, and stating further that this defendant and his said partner have been and still are in the possession of the sum of $800, which they are willing, ready and offer to pay to the said widow and the minor children of the said Adam Smok, or to any person or persons designated by the 'Commission,'' etc.; that said industrial commission acknowledged the receipt of said petition, and informed appellant that said matter would be set for hearing, and that said proceeding before the industrial commission was still pending. Said plea prayed judgment "if this court ought to take cognizance or assume to exercise jurisdiction over this cause, so based upon the claim for compensation,'' etc., and prayed to be dismissed with his costs. Said plea was verified by the affidavit of appellant, in which he stated that he knew the contents of the plea, and that the same was true.

Thereafter, on January 27, 1926, a motion was made by appellee to strike said affidavit and plea from the files, on the ground that no affidavit of merits was filed with the plea, which motion was allowed. Thereafter, on February 24, 1926, appellant moved the court to set aside said order, and to grant him leave to file an additional affidavit with his said plea. This affidavit purported to go into the facts with reference to how the fund in question was derived by said deceased, and that it was a payment to him as compensation awarded by the industrial board; that during the month of June, 1921, appellant received information regarding the death of Adam Smok, and to the effect that he tried to communicate with the widow and children of said deceased; that he was holding this $800 "gratuitously and merely for convenience of the said Adam

Smok, and that the defendant was not to be charged with interest on said sum of money or any part thereof.''

The court denied the motion of appellant for leave to file said affidavit, and entered judgment *nil dicit* against appellant for $983.33. To reverse said judgment, this appeal is prosecuted.

Practically the only question involved in this case is whether the plea filed by appellant was in fact a plea to the jurisdiction. If it was a plea to the jurisdiction, it was not necessary that it be verified. Cahill's St. 1925, ch. 1, ¶ 1; *Howe v. Thayer,* 24 Ill. 246-247; *Drake v. Drake,* 83 Ill. 526; *Beck & Pauli Lithographing Co. v. Monarch Brewing Co.,* 131 Ill. App. 645. This proposition is practically conceded by counsel for appellee.

Appellant concedes that he holds and has held since about May 27, 1921, the sum of $800 of the funds which were paid to Adam Smok from the gross allowance made to him on the hearing before the industrial commission, the only question being as to whether that sum belongs to the estate of said deceased or whether under the Workmen's Compensation Act [Cahill's St. ch. 48, ¶ 201 *et seq.*] it should be paid directly to his widow and minor children.

It is the contention of appellant that this fund must be paid to the widow and minor children of said deceased, and that it is no part of the estate of said deceased, and that his executor has no interest therein. On the other hand, counsel for appellee insists that there being a gross award to Adam Smok, made by the industrial commission, and which award was paid by said American Manufacturing Company, it therefore became his money, and that upon his death it passed to his estate, and should be paid over to appellee as the executor of said estate.

Said award having been paid to Smok in his lifetime, it passed beyond the control of the provisions of

the Workmen's Compensation Act, or the adminis-
trative powers of the industrial commission, and upon
his death it became a part of his estate. This being
true, it was the duty of his executor to acquire posses-
sion thereof, and to institute suit for that purpose, if
need be. The court therefore had jurisdiction of the
parties to this proceeding, and of the subject matter
thereof. The fact that said plea purports to be on
limited appearance is not material, for the reason that
the court did not depend on the appearance of ap-
pellant being entered, as appellant had been regularly
served with process which gave the court jurisdiction
of his person.

An examination of said plea clearly discloses that,
if appellant's theory of the case is correct, its effect
was not to abate the present suit, but to defeat all
right of recovery on the part of appellee as such ex-
ecutor. It is the theory of appellant in said plea that
this fund of $800 in his possession was not a part of
the estate of said decedent, but belonged to his widow
and minor children, not as heirs of his estate under the
laws of descent, but under the provisions of the Work-
men's Compensation Act. If, then, the theory of the
plea is correct, there could be no recovery by appellee
in this suit or any suit, in the trial court or in any
court. The plea in effect is a plea in bar. *People ex
rel. Vick v. Kirkham*, 301 Ill. 45; *Bradley v. Federal
Life Ins. Co.*, 216 Ill. App. 602.

In *People ex rel. Vick v. Kirkham, supra,* the court
at page 49 says:

"In *quo warranto* proceedings the proper practice
is for the respondent to file a plea. (*People v. Percells*,
3 Gilm. 59.) Whether he pleads in bar or in abate-
ment would depend on the nature of the defense. 'A
plea in bar of the action may be defined as one which
shows some ground for barring or defeating the action
and makes prayer to that effect. * * * Pleas in bar

are addressed to the merits of the claim and as impairing the right of action altogether, whereas pleas in abatement tend merely to divert, suspend or defeat the present suit.' (*Pitts Sons' Manf. Co. v. Commercial Nat. Bank*, 121 Ill. 582.) It is plain from a reading of the body of this plea that it contends that the curative act validated the organization of this district, and that it was, in effect, a plea in bar, although possibly, under the authorities, the beginning and ending might be construed to indicate a plea in abatement.''

The character of a plea is to be determined from the effect of the defense set up, and if that defense be one in bar, it will be held to be a plea in bar, notwithstanding in its beginning and ending it may indicate a plea in abatement.

Appellee having filed an affidavit of merits with his declaration, it was necessary that an affidavit of merits be filed with appellant's plea, and in default thereof, the court was warranted in striking the affidavit to the plea, which did not purport to be an affidavit of merits, and the plea, from the files. Cahill's St. ch. 110, ¶ 55; *New York Nat. Exch. Bank v. Reed*, 232 Ill. 123-125; *Firestone Tire & Rubber Co. v. Ginsburg*, 285 Ill. 132; *Loeb v. Loeb*, 170 Ill. App. 492-493; *Colfax Grain Co. v. Bradford*, 225 Ill. App. 419-422.

In *Firestone Tire & Rubber Co. v. Ginsburg, supra,* the court at page 134, in discussing a question of this character, says:

''Where an affidavit of merit,is insufficient it is proper practice to strike it from the files, and the plaintiff is then entitled to judgment as in case of default. After an affidavit of merits has been stricken from the files it is not necessary to strike the pleas from the files, although the practice is not improper and is common.'' Citing *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516.

Appellant also insists that, even though appellee is entitled to said funds, he, appellant, having filed his petition with the industrial commission, that that commission has jurisdiction and has the right to determine as to whether or not appellee is entitled to recover. We do not think this point is well taken. The industrial commission is not a court. Its duties are largely administrative duties. However that may be, if appellee is entitled to this fund as a part of the estate of his testator, certainly it must be conceded that he has a right to prosecute a suit therefor in a court of law, and that has been true from time immemorial.

It is next contended by appellant that, even though it be conceded that appellee is entitled to recover, he can only recover the principal amount of $800, for the alleged reason that appellant was holding said funds merely for the convenience of Smok before his death, and that after his death appellant was unable to find the widow and minor children of said deceased, and for the further reason that said deceased had stated to appellant that he would not be required to pay interest.

We do not think this point well taken. According to the affidavit tendered by appellant, he knew of the death of Adam Smok in June, 1921. He waited from that time until January 29, 1925, before he filed his petition with the industrial commission, in which he asked that commission to determine to whom said money should be paid. It might further be observed that, if we are right in holding that the court did not err in striking the affidavit and plea from the files, then the court was warranted in entering judgment for the amount set forth in the affidavit of merits filed by appellee. *New York Nat. Exch. Bank v. Reed, supra,* 125.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*