ORIN E. SANDS & others *vs*. NUNZIATA MELCHIONDA
& another.

Suffolk.    January 20, 1904. — June 24, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY JJ.

*Guaranty.*

Under a guaranty in writing by which the guarantor agrees to be responsible to
the promisee for the price of goods sold by him to a certain other person to an
amount named, and expressly waives notice of the sale of any goods under the
guaranty and also waives any demand on the purchaser for payment, the guar-
antor is liable on his promise without notice of the purchaser's failure to pay
for goods sold to him under the guaranty.

CONTRACT on a guaranty in writing.    Writ dated April 15,
1901.

At the trial in the Superior Court before *Sherman,* J., without
a jury, the judge refused certain requests of the defendants stated
in the opinion, and found for the plaintiffs in the sum of $822.97.
The defendants alleged exceptions.

The contract sued upon was as follows :

" Know all men by these presents that we, Prisco Melchionda
and Nunziata Melchionda, wife of the said Prisco, in considera-
tion of one dollar to each of us paid by O. E. Sands, M. C. Tay-
lor and G. E. Wood, under the firm name and style of Sands,
Taylor & Wood, having their usual place of business at Boston,
in the County of Suffolk and Commonwealth of Massachusetts,
in consideration that they shall sell to Crescenzio Jannini of
said Boston, such goods as he may from time to time order, we
each of us hereby guarantee to said Sands, Taylor & Wood the
payment of the price of all such goods sold to said Crescenzio
Jannini by said Sands, Taylor & Wood.

" This agreement is a continuing guaranty and is to be in full
force and effect to the amount of one thousand dollars at any
one time until revoked by us in written notice delivered to said
Sands, Taylor & Wood, and we each of us do hereby waive any
notice to us or either of us of the sale of any goods made under
this guaranty, and also waive any demand on the purchaser for
the payment thereof.

" We also agree that this guaranty shall not be affected by the taking of any note or other obligation for the payment of such goods sold to said Crescenzio Jannini by said Sands, Taylor & Wood, or by their taking any credit for such payment.

" In witness whereof we have hereunto set our hands and seals this tenth day of July, A. D. 1899.

" Prisco $\times$ Melchionda.     [Seal]
his / mark

Nunziata $\times$ Melchionda.  [Seal]
her / mark

" Witness:
" Crescenzio Jannini.
Fred J. Parsons.
Stefano Clemente.
Ettore D'Amelia."

*W. S. Campbell*, for the plaintiffs.

*W. M. Stockbridge*, for the defendants.

LATHROP, J.   This is an action on a guaranty in writing, signed by the defendants by their marks, by the terms of which the defendants agreed to be responsible to the plaintiffs for the price of goods to be sold by the plaintiffs to one Jannini, to the amount of $1,000.   At the trial in the Superior Court, without a jury, it appeared that goods were sold to Jannini, and the judge found for the plaintiffs in the sum of $822.97; and the case is before us on the defendants' exceptions to the refusal of the judge to give certain rulings requested.   We will consider these in their order.

1. The first request for a ruling was as follows: " The evidence is not sufficient to warrant a finding that the defendants or either of them assented to or intended to be bound by the terms of the written instrument."

The trial before the judge of the Superior Court clearly appears from the exceptions to have been on this point a question of fact merely.   The plaintiffs' evidence tended to show that the last named defendant, before signing the instrument, was asked if he knew the purport, and was told that it was a guaranty to furnish to Jannini goods to the amount of $1,000, to which he replied that he so understood, and thereupon affixed his mark.   The instrument was then delivered to Jannini to obtain the signature of the first named defendant, the wife of the last named defendant.   She called on Jannini and was told by him that her husband knew all about the paper, and that it

said that she with her husband guaranteed Jannini for $1,000 for the goods which the plaintiffs were to sell to him, Jannini. Thereupon she said: "I know what it is, my husband explained everything to me," and affixed her mark.

It also appeared that the first named defendant was unable to read and write English, and only, with great difficulty, to speak and understand it; and that her husband was able to speak and understand English only with difficulty.

The evidence for the defendants was to the effect that the last named defendant was asked by Jannini if he would guarantee him for goods to be sold him by the plaintiffs to the amount of $200 or $300; that he then went to Taylor and told him that he knew Jannini, that he was all right, and that he would guarantee for $200 or $300; that there was no other interview; and that he did not sign the paper by his mark.

The evidence for the defendants further tended to show that the wife was not asked to sign the guaranty by any one, and did not do so; and that there was no such conversation as was testified to by the witnesses for the plaintiffs.

The finding of the judge shows that he believed the witnesses for the plaintiffs and did not believe those for the defendants, and this finding is conclusive. The defendants' counsel has addressed to us an elaborate argument to show fraud practised upon the defendants. There is nothing in the bill of exceptions to show that any such question was raised or intended to be raised in the court below; and taking the evidence in behalf of the plaintiffs to be true, we see no sufficient evidence of fraud to warrant us, as matter of law, in setting aside the finding of the judge.

2. The second request for instructions is as follows: "Even if the court finds that said written instrument was an obligation binding upon the defendants, nevertheless, it was the duty of the plaintiffs within a reasonable time, after their transactions with said Jannini had closed, to notify the defendants of the amount for which they were held responsible, and failure so to do relieved the defendants from liability under said instrument, so far as they were injured by said failure."

The sales of goods on credit were from July 14, 1899, to August 15, 1899, and none of them was paid for.

It appeared in evidence that the plaintiffs did not at any time

inform the defendants after their transactions were closed with Jannini on August 15, 1899, of the amount for which they were held responsible prior to the beginning of this action on April 15, 1901, and that the defendants did not know before the beginning of the action that any goods had been sold to Jannini, or that the plaintiffs contended that the defendants were responsible for the price of any goods so sold.

"It further appeared in evidence that after August 15, 1899, the plaintiffs constantly dunned Jannini for payment without success, although he made repeated promises to pay, and that it was by reason of these promises and the request of Jannini to the plaintiffs not to press the bond, that they so long delayed suit. It also appeared that at the time the guaranty was furnished, Jannini had been indebted for one or two years to the plaintiffs in the sum of two or three hundred dollars; that after the goods amounting to seven hundred and thirty-eight dollars, for the price of which this suit is brought, were furnished on the security of the guaranty, Jannini was refused further credit by the plaintiffs, but continued, under the name of the Massachusetts Baking Company, to buy of them for cash or for his customers' notes, until late in December, 1899, after which time, being unable to get cash or its equivalent, he was obliged to stop buying of them, and in the early part of 1900 went out of the baking business, in which he had been engaged for the past seven years, because he had no money to pay expenses, and could not get credit from any one."

By the terms of the contract in this case, the defendants guaranteed to the plaintiffs the payment of the price of such goods as Jannini might order, and which should be sold to him by the plaintiffs. The defendants waived notice of the sale of any goods under the guaranty, and also waived any demand on the purchaser for the price thereof.

We are of opinion that the plaintiffs were not bound to give notice to the defendants of the failure of Jannini to pay for the goods sold to him. *Watertown Ins. Co.* v. *Simmons,* 131 Mass. 85. *Welch* v. *Walsh,* 177 Mass. 555, 559, where this matter is fully discussed.

3. The remaining requests are covered by what has been already said.                                        *Exceptions overruled.*