CHARLES A. WELCH & another, trustees, *vs.* JAMES
H. WALSH.

Suffolk.　November 13, 1900. — February 26, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A lessor owes no duty to a guarantor of the lease to use diligence in collecting the rent, or to notify the guarantor of a series of defaults on the part of the lessee, and in an action on the guaranty the guarantor cannot be allowed to show, that the lessor failed to collect the monthly rent for twenty-three months during fifteen of which the lessee had abundant property, and that the lessee had obtained his discharge in insolvency before the guarantor was notified of any default on the part of the lessee. *Clark* v. *Remington,* 11 Met. 361, distinguished.

The Massachusetts rule, that the guarantor of a promissory note is discharged if he has suffered from want of notice of the default of the promisor, discussed by LORING, J.

CONTRACT against the guarantor of a lease dated January 2, 1893, for a term of ten years to one John Judge of a store in Boston at a rental of $750 per annum payable $62.50 monthly. Writ dated February 7, 1898.

At the trial in the Superior Court, before *Maynard,* J., it appeared that the guaranty upon the lease, signed under seal by the defendant, was as follows:

"In consideration of the execution of the within written lease, and of one dollar to me paid, the receipt whereof is hereby acknowledged,　　do hereby guarantee to the said lessors, their heirs and assigns, the true and punctual payment of the rent, taxes and interest reserved at the times and in the manner there mentioned, and, in default thereof, promise to pay the same on demand."

It further appeared, that on November 15, 1897, the defendant received a letter from one of the plaintiffs informing him that Judge had failed to pay his rent for one year and eleven months up to November 1, 1897, and also had failed to pay taxes for the years 1896 and 1897, the whole amounting to $1,705.48. Up to November 15, 1897, the defendant had received no notice that Judge was in arrears and no demand from the plaintiffs for payment of rent or taxes, and had no knowledge of a default in the performance of the terms of the lease. One of the plaintiffs testified, that they permitted Judge to remain in possession without taking any steps to enforce payment of the rent or taxes, because Judge was an old and trusted tenant towards whom they wished to be lenient.

The defendant offered to show, that from January, 1895, until April, 1897, Judge was actively engaged in business in Boston, and was regularly paying his debts to his creditors other than the plaintiffs; that during the whole of this time he had abundant property, both real and personal, unencumbered, from which the rent could have been collected, and from which the guarantor could have reimbursed himself; that in April, 1897, Judge was petitioned into insolvency, a warrant was issued, and he received his discharge in insolvency; and that ever since that time he had remained altogether insolvent and had no property from which a debt could be collected.

The judge ruled that these facts, if shown, would not be any defence to the action or warrant submitting the case to the jury, and that all evidence of such facts would be inadmissible, and directed a verdict for the plaintiffs for the amount claimed in the declaration. The defendant alleged exceptions.

*W. H. Dunbar*, for the defendant.

*H. N. Shepard*, for the plaintiffs.

LORING, J. The evidence, which was excluded, would have warranted a finding that the plaintiffs conducted themselves in the matter of collecting the rent now sued for without that care, which a man of ordinary prudence would have devoted to it, and that the defendant has suffered from not knowing that the rent was not paid by the tenant for twenty-three months before the plaintiffs made a demand upon him for it; but it would not have warranted a finding of fraud, or facts tantamount to fraud.

The defendant contends, that those facts would have made out a defence to the action, and relies upon a statement in the opinion of Wells, J., in *Vinal* v. *Richardson*, 13 Allen, 521, 532; he also relies upon *Oxford Bank* v. *Haynes*, 8 Pick. 423, and the numerous cases in this Commonwealth which have recognized or followed that case; and also upon *Douglass* v. *Reynolds*, 7 Pet. 113; *Reynolds* v. *Douglass*, 12 Pet. 497; and the opinion of Matthews, J., in *Davis* v. *Wells*, 104 U. S. 159, 161.

It is true that there is a statement in the opinion of Mr. Justice Wells in *Vinal* v. *Richardson* which supports the defendant's contention; in that case, he said: "Formal notice is not necessary in order to charge the guarantor with liability. All the cases agree that in this respect there is a distinction between an indorser and a guarantor. Negligence of the holder of the guaranty, in permitting the claim to slumber, when the guarantor might reasonably suppose it had been paid when due, or in the usual course of business, is the real ground on which the guarantor is exonerated. It is delay without notice, not the bringing of a suit without notice, that is fatal to the holder of the guaranty." But that proposition, which was *obiter* in *Vinal* v. *Richardson*, is not consistent with *Watertown Ins. Co.* v. *Simmons*, 131 Mass. 85, not cited at the argument in the case at bar, unless a distinction is to be drawn between a guarantor of rent to be paid each month and sureties on a bond conditioned for the monthly payment of sums to be collected by the principal of the bond. *Watertown Ins. Co.* v. *Simmons* was a case where suit was brought against the sureties on a bond, with the condition just stated, and the defence set up was that the plaintiff had failed to notify the sureties that for thirteen months before a demand was made upon them, the principal had failed to make payment in full of the sums collected by him; it was held that this was not a defence, and on the ground that, "the creditor owes no duty of active diligence to take care of the interest of the surety. It is the business of the surety to see that his principal performs the duty which he has guaranteed, and not that of the creditor."

The defendant's difficulty in this case is to make out that a lessor owes any duty to one who has guaranteed the payment of rent.

It was settled in *Vinal* v. *Richardson*, after deliberate consideration, that notice to the guarantor that the tenant has not paid the rent is not a condition on which the guarantor's liability depends. The defendant now contends that, though the guarantor becomes liable upon the default in payment of the rent without notice of it, yet, if the lessor subsequently fails to give notice of that default to the guarantor, and the guarantor suffers damage therefrom, the guarantor is discharged.

Where no duty is owed there cannot be negligence, as was lately decided by this court in *Shepard & Morse Lumber Co.* v. *Eldridge*, 171 Mass. 516. See also *Patent Safety Gun Cotton Co.* v. *Wilson*, 49 L. J. Q. B. (N. S.) 713.

The defendant has undertaken to make out that there is a duty on the creditor to give notice to the guarantor. He has undertaken to establish this, in the first place, on general principles, which are common to all cases where persons are secondarily liable; his proposition is that, in every such case, a creditor is bound so to conduct himself in dealing with one primarily liable as not unnecessarily or unreasonably to injure one secondarily liable. But no such duty is owed to those secondarily liable; the duty owed them is a much narrower one; it is to do no act which affects the rights, to which the surety is subrogated on meeting his guaranty, either in property held by the creditor as security for the debt guaranteed, or to bring suit against the principal debtor; if the creditor abstains from doing such an act, he has performed his whole duty to the surety. There is no duty upon the creditor to take active measures to collect the debt from the principal debtor or to notify the person secondarily liable that the principal debtor is in default; no authority beyond *National Bank of South Reading* v. *Sawyer, ante,* 490, and *Watertown Ins. Co.* v. *Simmons,* 131 Mass. 85, need be cited to that point.

There was nothing in the terms of the contract of guaranty in the case at bar which cast upon the lessor the duty of giving to the guarantor notice that the rent had not been paid. The terms of the guaranty in this case were that the defendant does " hereby guarantee to the said lessors, their heirs and assigns, the true and punctual payment of the rent, taxes and interest reserved at the times and in the manner there mentioned, and, in default

thereof, promise to pay the same on demand." That is an absolute, unconditional guaranty that the rent shall be paid, coupled with a promise to pay the same on demand being made upon the guarantor, in case there is a default in the payment of rent by the lessee.

If, therefore, there was any duty upon the lessor to give notice to the guarantor that the rent was in default, it must be found in the nature of the contract of a guarantor, and, after the decision in *Watertown Ins. Co.* v. *Simmons*, in the nature of the contract of a guarantor, as distinguished from the contract of a surety on a bond, such as was before the court in that case. The difference between the contract of a guarantor and the contract usually entered into by a surety, is that in case of a guarantor, the promise of the person secondarily liable is a collateral promise to pay, in case default is made by one who is primarily liable for the thing guaranteed, while a surety contracts directly as a principal to pay the sum of money for which he is secondarily liable. See Bigelow, J., in *Allen* v. *Herrick*, 15 Gray, 274, 285. So far as this difference is concerned, the contract of the surety upon a bond conditioned for the payment of sums collected by a third person, partakes of the nature of the contract of a guarantor and not of the contract of a surety. Moreover, in one of the earliest cases in England in which it was held that notice to a guarantor was not a condition precedent to his liability, the decision was put upon the ground that no such duty was owed by the creditor to the guarantor; it is the case of *Brookbank* v. *Taylor*, in the Exchequer Chamber, and reported in Cro. Jac. 685 ; that was a writ of error brought in an action to collect rent from a guarantor; the error assigned was " because it is not alleged, that notice was given that the other had not paid. — *Sed non allocatur ;* for he at his peril ought to take cognizance of the non-payment and pay the rent, otherwise the promise is broken." To the same effect, see Baron Parke, in *Walton* v. *Mascall*, 13 M. & W. 452, 458; and Lord Eldon, in *Wright* v. *Simpson*, 6 Ves. 714, 734, who says : " But the surety is a guarantee ; and it is his business to see, whether the principal pays, and not that of the creditor." No distinction, therefore, can be made between the contract of a guarantor and the contract of a surety on a bond, so far as this question is concerned, and what was said in *Water-*

*town Ins. Co.* v. *Simmons*, 131 Mass. 85, 86, is applicable to this case : " The surety is bound to inquire for himself ; and cannot complain that the creditor does not notify him of the state of the accounts between him and his agent, for whom the surety is liable." See also *French* v. *Bates*, 149 Mass. 73, 81.

There are doubtless expressions in the early cases in Massachusetts which countenance the proposition that a guarantor is in all cases entitled to notice of the principal debtor's default. It was decided in this Commonwealth in *Oxford Bank* v. *Haynes*, that the guarantor of a note, even when the only person liable on it is the principal debtor, is entitled to such a notice and if he is damnified by not receiving it within a reasonable time, he is discharged ; that case has been followed or recognized in many subsequent cases ; *Talbot* v. *Gay*, 18 Pick. 534 ; *Sigourney* v. *Wetherell*, 6 Met. 553 ; *Whiton* v. *Mears*, 11 Met. 563, 564 ; *Bickford* v. *Gibbs*, 8 Cush. 154 ; *Parkman* v. *Brewster*, 15 Gray, 271 ; *Protection Ins. Co.* v. *Davis*, 5 Allen, 54, 58. This rule has been recognized for more than seventy years, and it is now too late to question it. When it was first adopted, it was assumed in England as well as in this Commonwealth that the guarantor of a note had the same right to notice that an indorser had, the only difference between the two being that in the case of a guarantor, notice could be given at any time before damage was sustained, and that damage from lack of notice had to be proved ; see *Phillips* v. *Astling*, 2 Taunt. 206 ; *Van Wart* v. *Woolley*, 3 B. & C. 439 ; and the later case of *Hitchcock* v. *Humfrey*, 5 M. & G. 559 ; the law seems to be otherwise settled in England to-day ; see *Walton* v. *Mascall*, 13 M. & W. 72 ; but see Lindley, L. J., in *Carter* v. *White*, 25 Ch. D. 666, citing with approval Byles on Bills, (12th ed.) 295, who lays down the Massachusetts rule. The weight of authority is against the Massachusetts rule ; the cases are collected in Ames, Cases on Suretyship, 240, note 1.

It has never been decided that the rule applied in *Oxford Bank* v. *Haynes* is one of general application. In *Dole* v. *Young*, 24 Pick. 250, *Clark* v. *Remington*, 11 Met. 361, and *Paige* v. *Parker*, 8 Gray, 211, it was assumed that the rule applied in case of a general guaranty for the payment of goods to be subsequently purchased ; and in *Cabot Bank* v. *Bodman*, 11 Gray, 134, it seems to have been assumed to be a rule of general application. But

in none of these cases does the opinion rise higher than a mere
*obiter dictum*, except in the case of *Clark* v. *Remington.*    *Clark*
v. *Remington* was the case of a guaranty of goods to be subse-
quently purchased where no notice of any kind was given to the
guarantor.    The guaranty in question in that case was an offer,
and it is settled that in such a case notice of the subsequent pur-
chase must be given.    See *Bishop* v. *Eaton,* 161 Mass. 496, and
cases there cited.    *Clark* v. *Remington* may well stand on the
ground that in that case no notice of the acceptance of the offer
by the subsequent purchase was given; and it may be doubted
whether, in a case where notice of the subsequent purchase has
been given, so that the guarantor is fully informed of the details
of the debt which he has guaranteed, notice of the principal
debtor's default must also be given.

It is not necessary to consider now whether notice must be
given to the guarantor in cases like *Lennox* v. *Murphy,* 171 Mass.
370, in order to throw upon him the duty of seeing that the
sums guaranteed by him are paid ; it may be that in case of such
a contingent guaranty, it is not the duty of the guarantor to see
that the sums guaranteed are paid until the contingent guaranty
has been made certain by notice stating what sums are due and
when they are due, although such notice is not a condition pre-
cedent on which his liability depends.    See in this connection
Hoar, J., in *Whiting* v. *Stacy,* 15 Gray, 270.

However that may be, there is no case in this Commonwealth
in which the rule of *Oxford Bank* v. *Haynes* has been enforced,
in case the thing guaranteed is a debt, definite in amount and in
time of payment; but, on the contrary, Chief Justice Shaw said,
with reference to that case, in delivering the opinion of this court
in *Salisbury* v. *Hale,* 12 Pick. 416, 424, which involved the ques-
tion of a guaranty of rent: "Without deciding whether the doc-
trines of that case can be extended beyond promissory notes and
other mercantile contracts, we are of opinion, upon the principles
of that case, notice, in the present, was not necessary," because
there had been no change of circumstances.

We are of opinion that when the obligation of the guarantor
is to pay a definite sum at a definite time, it is his duty to see
that the sum guaranteed is paid, and that there is no duty on
the creditor to give notice to the guarantor of a default in pay-

ment by the principal debtor ; and that if the guarantor, in violation of his duty, has slumbered because he supposed that in the absence of a demand by the creditor the act guaranteed had been performed by the principal debtor and has suffered damage from so doing, he has nothing of which he can complain but his own negligence, and is liable to pay the sum which he guaranteed should be paid.

*Exceptions overruled.*