(No. 12103.—Appellate Court reversed; municipal court affirmed.)
THE ILLINOIS SURETY COMPANY, Plaintiff in Error, vs.
FAYETTE S. MUNRO, Defendant in Error.

*Opinion filed October 27, 1919.*

1. GUARANTORS—*when plaintiff does not lose benefit of contract of guaranty by alleging it to be one of indemnity.* Where a plaintiff, suing on a contract of guaranty, attaches to his statement of claim the obligation which the defendant signed and on which suit is brought, he does not lose the benefit of the contract by calling it, in his affidavit, a contract of indemnity.

2. SAME—*to stand back of an agreement is a contract of guaranty.* A contract of guaranty is an undertaking to be responsible for the performance of an obligation of a third person upon his failure to perform it, and an agreement to "stand back of any obligation" which the principal may incur in a certain matter is a promise to pay if the principal debtor does not, and is a guaranty contract.

3. SAME—*guarantor is liable only according to terms of his contract.* The statute requiring the assignee of a promissory note, before suing his assignor, to prosecute the maker to insolvency, does not apply to a general contract of guaranty, as a guarantor may impose any terms or conditions in his guaranty which he may choose and will only be liable to the holder according to the terms of the agreement.

4. SAME—*holder of guaranty is not bound to institute legal proceedings against debtor.* While a guarantor may be entitled to require demand of performance to be made on the principal debtor and notice of his default to be given to the guarantor, yet the holder of the guaranty is not bound to institute any legal proceedings against the debtor unless this is required by the terms of the guaranty.

5. SAME—*surety on bond required by statute is bound by judgment in accordance with statute—process.* A party who is surety on a bond required by statute is bound by a judgment on the bond in accordance with the terms of the act, and where an act requiring a bond for costs provides that in case of a recovery in the suit in which the bond is given judgment shall be rendered against the principal and surety in the bond, such a judgment is valid although there is no service of process on the surety or appearance by him in the case.

6. SAME—*items taxed as costs cannot be questioned in collateral suit against surety.* In an action by a surety company against

a guarantor who had agreed to "stand back of any obligation" which his principal might incur through securing a cost bond from the company in a suit the principal was prosecuting, the question whether certain items were properly charged as costs in such suit cannot be raised by the guarantor, who is bound by the judgment for costs against the principal until that judgment is reversed in a direct proceeding.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding.

A. J. HOPKINS, for plaintiff in error.

BOWEN W. SCHUMACHER, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error recovered a judgment in the municipal court of Chicago against the defendant in error which the Appellate Court reversed without remanding, and the record has been brought before us for review by a writ of *certiorari.*

The defendant in error signed a letter addressed to the secretary of the plaintiff in error, as follows:

"DEAR SIR—This will introduce Mr. Edward F. Rice, who desires to get a cost bond in the Federal court, and this firm will stand back of any obligation which Mr. Rice may incur in this behalf.

"Very truly yours,
                    VROMAN, MUNRO & VROMAN."

The name signed to the letter was that of a firm of lawyers of which defendant in error was a partner. Rice took the letter to the plaintiff in error and upon his application the plaintiff in error executed the cost bond, and it was filed in the case in the district court of Wyoming, in which Rice was complainant. The plaintiff in error by the bond acknowledged itself bound to pay or cause to be paid all costs which might accrue in the action, either to the

opposite party or to any of the officers of the court. Rice died. The court ordered the plaintiff in error to pay the costs taxed in the cause, including attorney's fees, receiver's compensation and expenditures, amounting altogether to $1565.14, and no effort having been made to revive the suit, ordered it dismissed. Plaintiff in error through its attorney made a motion to have the costs re-taxed, but the court denied the motion. The plaintiff in error having obtained a release of the attorney's fees taxed in the decree, amounting to $400, paid the residue of the costs and brought this suit for the amount paid and interest and for attorney's fees and expenses incurred in the endeavor to procure the re-taxation of costs. The plaintiff in error filed a second amended statement of claim, in which it stated that the claim was for damages for breach of an indemnity agreement, a copy of which is attached to the claim. A copy of the letter which has been set out was attached as an exhibit to the claim. The defendant in error filed an affidavit of merits, which was stricken, except a statement that the attorney's fees claimed were unreasonably large.

The defendant in error insisted in the Appellate Court, as he does here, among other things, that his contract was not one of indemnity but was a contract of guaranty,—a collateral undertaking guaranteeing Rice's performance of his obligation to the plaintiff in error; that the defendant in error's liability was not original, direct or primary but only secondary, and that it was not shown that any effort had been made to collect from Rice's estate. The Appellate Court sustained this contention, holding that the liability of the defendant in error upon his contract, if any, was secondary, and that the plaintiff in error having alleged the contract to be one of indemnity, and the trial court having rendered judgment on that theory, the judgment should be reversed. No finding of fact was made by the Appellate Court but the judgment was reversed without remanding.

It is true that the plaintiff in error's affidavit states that its claim is for damages for a breach of an indemnity agreement and charges that the defendant indemnified the plaintiff, but attached to its claim was the obligation which the defendant in error signed, and if there was a contract of guaranty the plaintiff in error did not lose the benefit of it by calling it a contract of indemnity. The letter stated that Rice desired a cost bond and the writer would stand back of any obligation which Rice might incur in this behalf. There is no doubt about the meaning of the letter. The defendant in error bound himself to stand back of any agreement which Rice should make with the plaintiff in error, for the purpose of procuring the plaintiff in error to execute a cost bond. To stand back of an agreement implies that Rice was to stand first, and that in case of his default of performance the defendant in error would perform the contract. The obligation which Rice incurred was to pay an annual premium of $10, to furnish evidence of no further liability on the bond at the termination of the suit, and to reimburse the plaintiff in error for all loss, costs, charges, suits, damages, counsel fees and expenses which it should sustain and incur in consequence of having executed the bond. The defendant in error's promise to stand back of this obligation amounted to a promise to perform it if Rice did not, and was a guaranty, which is an undertaking to be responsible for the performance of an obligation of a third person upon his failure to perform it. In some cases of guaranty the guarantor is entitled to notice, within a reasonable time, that the guaranty has been accepted, and in case of default of the principal debtor reasonable notice of such default, but no such question arises here, and no claim is made that the defendant in error did not have notice of the execution of the bond on the faith of his guaranty and of the default of the principal.

The defense which was relied on was that the plaintiff in error made no effort to collect from the principal's estate.

It was under no obligation to do so under the circumstances of this case. A guarantor may impose any terms or conditions in his guaranty which he may choose and will only be liable to the holder according to the terms of the agreement. If he guarantees payment unconditionally and payment is not made then he is liable on his guaranty. If he guarantees the collection of a sum of money, then he is only liable in case the holder of the guaranty is unable to collect it by legal process. Under our statute making the assignor of a promissory note liable to the assignee in case the latter was unable to collect the note of the maker at maturity, in order to recover the assignee was required to show that he had prosecuted the maker to insolvency, or that a suit at the maturity of the note would have been wholly unavailing, or that the maker had absconded from the State. This statute had no reference to the contract of guaranty, which depends upon different principles, and upon a guaranty of the payment of a note by the assignor the holder had a right to recover of the guarantor without pursuing the maker. (*Hance* v. *Miller,* 21 Ill. 636; *Penny* v. *Crane Bros. Manf. Co.* 80 id. 244.) The defendant in error having unconditionally guaranteed that Rice would reimburse the plaintiff in error, his liability did not depend upon Rice's solvency or insolvency but he was absolutely bound to make good Rice's default. While a guarantor may be entitled to require demand of performance to be made on the principal debtor and notice of his default to be given to the guarantor, yet the holder of the guaranty is not bound to institute any legal proceedings against the debtor unless this is required by the terms of the guaranty. (*Douglass* v. *Reynolds, Byrne & Co.* 7 Pet. 113.) It was not necessary that the plaintiff should either state or prove that it had prosecuted any legal remedy against Rice.

The defendant in error insists that the decree of the district court of Wyoming adjudging the costs against the plaintiff in error was of no effect against Rice's estate, and

there could be no liability upon the defendant in error because nothing could be established against Rice. His argument is, that after Rice's death his suit abated and there could be no judgment for costs for which his estate would be liable. When the plaintiff in error executed the bond it did so with knowledge that the practice of the district court in which the bond was filed was regulated by that court, and that an order for the payment of costs might be entered against the security for costs in accordance with the rules of the court. A judgment rendered against a surety on a bond given under a statute which provides that in case of a recovery in the suit in which the bond is given judgment shall be rendered against the principal and surety in the bond is valid though there was no service of process on the surety or appearance by him in the case. The statute entered into the bond, and its execution amounted to a consent to the entry of a judgment in accordance with the statute, which would be binding on the surety. (*Johnson* v. *Chicago and Pacific Elevator Co.* 105 Ill. 462.) By executing the cost bond and permitting it to be filed the plaintiff in error submitted to the jurisdiction of the court in the case in which Rice was complainant. The court thus had personal jurisdiction of the plaintiff in error, and having jurisdiction of the subject matter, its order, whether erroneous or not, was not void. The defendant in error cannot attack the judgment, for whether or not it was binding on Rice it was binding on the plaintiff in error unless reversed, and the plaintiff in error was required to pay, and did pay, the amount. Rice by his agreement had promised to reimburse plaintiff in error for all the damages and expenses it might incur, and the defendant in error having agreed to stand back of Rice's obligation was bound to reimburse the plaintiff in error.

The defendant in error also argues that the guarantor could be held liable for attorney's fees only on his express promise, and that the receiver's fees and expenses are not

proper items to be charged as costs. The obligation of Rice which the defendant in error guaranteed required him to reimburse the plaintiff in error for damages, counsel fees and expenses of every kind which plaintiff in error might be required to pay by reason of having executed the bond. Whether the attorney's fees and receiver's costs and expenses were proper to be taxed was a question which the district court was called on to decide, and its order, until reversed, cannot be disregarded.

The judgment of the Appellate Court will be reversed and that of the municipal court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*

---

(No. 12800.—Reversed and remanded.)
VINNEY LEMONT SCHMIDT, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed October 27, 1919.*