## KARRAKER v. ERNEST.

(District Court, E. D. Illinois. March 12. 1925.)

No. 2022.

**1. Banks and banking ☞249(1), 250(3)—Liability of stockholder of national bank for assessment stated.**

Under Federal Reserve Act, § 23 (Comp. St. § 9689), providing that stockholders in a national bank, who transfer their stock within 60 days prior to its failure, shall be liable "to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability," the liability of the transferror is primary, and it is not necessary to its enforcement that legal proceedings should first be taken against the transferee.

**2. Guaranty ☞77(2)—An absolute guarantor is liable immediately on failure of principal debtor to perform his contract.**

An absolute guarantor is liable immediately on the failure of the principal debtor to perform his contract, without preceding legal proceedings against the principal debtor.

At Law. Action by R. R. Karraker, as receiver of the Drovers' National Bank of East St. Louis, against Finis P. Ernest. On demurrer to declaration. Overruled.

J. A. Farmer, of Belleville, Ill., for plaintiff.

Wm. Acton, of Danville, Ill., for defendant.

LINDLEY, District Judge. Plaintiff, as receiver of the Drovers' National Bank, seeks to recover against the defendant upon an assessment made by the Comptroller of the Currency against the stockholders of the said bank. Defendant demurs to the plaintiff's declaration and the additional count thereof; the only question presented arising with reference to the second and additional counts. It is averred in those counts that the defendant was, within 60 days prior to the appointment of the receiver, a stockholder in the bank; that within such period, and before the appointment of the receiver, he sold and transferred his stock to one Newton; and that Newton, although notified of the assessment, has failed to pay the same. The only question, therefore, is whether or not the plaintiff must aver any additional acts upon his part as receiver against the transferee before recovering from the transferror.

[1] The statute in question (Comp. St. § 9689), after fixing the liability of stockholders of national banking associations, provides that "the stockholders in any national banking association who shall have transferred their shares or registered the transfer thereof within sixty days next before the date of the failure of such association to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability." It is contended by the defendant that this provision reduces the liability of the original stockholder to one of secondary character, preliminary to the enforcement of which it must be shown, either that the transferee is insolvent, or that all legal remedies have been fully pursued against him without success.

In the opinion of the court the defendant's position is not well taken. The act of Congress attaches to the ownership of stock in national banks certain conditions which the subscriber by accepting the stock accepts. The acts of the parties which create the obligation imposed upon shareholders in an impliedly contractual form are then and thereby completed. Aldrich v. McClaine, 106 F. 791, 45 C. C. A. 631. While this liability arises out of the statute, it rests upon the stockholder's receipt and acceptance of his stock, and is therefore in a qualified and limited sense contractual in its nature. Under the provision of the act of Congress reserving the original liability against the transferror, it is as if the transferror had said to the government: "I am liable to and responsible for an assessment upon this stock. I am transferring the stock to another person, who is assuming my liability; but my liability continues for 60 days, and I agree that if, within such period, that liability comes into active existence, I shall see that it is satisfied." This situation is not far from that of an owner of real estate, who owns land subject to a mortgage indebtedness upon which he is personally liable, and who sells the real estate to another, who agrees and assumes to satisfy the incumbrance. The primary character of the original debtor's obligation in its relation to the creditor is not altered in either instance, and the liability remains in its essence a primary obligation, to enforce which does not require that any preliminary legal action be taken against the transferee.

[2] Furthermore, if we consider the transferror's liability from another point of view, as one of a secondary character, as one of guaranty, the situation is not changed, because the government has not said to him that he shall be anything other than an absolute guarantor, one who is liable upon

default of his principal without the necessity of any preliminary action against the latter. If this is the true situation, then it is as if the transferror said at the time of the transfer: "With the government's consent, I am transferring my stock and my transferee is assuming all burdens of the same; but in good faith to the government I guarantee that, if he does not satisfy any liability attaching within 60 days from this date, I shall do so." Such is the undertaking of an absolute guarantor. 28 C. J. 895. In case of such guaranty, the guarantor immediately upon the failure of the principal debtor to perform his contract, is bound without preceding legal proceedings being taken against the principal debtor. 28 C. J. 972; Miller v. Northern Brewery Co. (D. C.) 242 F. 164; Illinois Surety Company v. Monro, 289 Ill. 570, 124 N. E. 528. Guaranties of the payment of obligations of others are absolute undertakings, imposing liability upon the default of the principal debtor, regardless of whether any legal proceedings are taken to enforce the liability of the principal debtor. Johnson v. Norton Co., 159 F. 361, 86 C. C. A. 361; Miller v. Brewery (D. C.) 242 F. 164.

The court is unable to find anything in the act of Congress now under consideration which implies that the government intended to make the liability of the transferror conditional upon a prior attempt to collect from the transferee. The statute is intended to protect the creditors of national banks, including the depositors. It should be interpreted with that purpose of Congress in mind, and the court should not read into it anything which makes the remedy provided more difficult of realization, more expensive to the beneficiaries of the statute, or more productive of delay in the realization of the remedy, unless the language of the statute plainly indicates such intention.

The demurrer will be overruled, and the defendant given one week within which to plead.