NEW BEDFORD MORRIS PLAN CO. *vs.* FRANK Y. HICKS.

DECEMBER 14, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit against a guarantor of a promissory note. The jury returned a verdict for the plaintiff for a sum less than the amount due on said note, and the case is here on the plaintiff's exceptions to the admission and exclusion of evidence and to the refusal to instruct the jury as requested.

Four persons engaged in the automobile business borrowed from the plaintiff $2500, and gave their promissory note therefor payable in weekly installments in fifty-two weeks. After a considerable amount had been paid on said note the makers defaulted in their weekly payments, and by the terms of the note the unpaid balance became immediately due. The plaintiff commenced suit on the note and attached personal property of the makers. The plaintiff later discharged the attachment and withdrew the suit, and the defendant guaranteed payment of the note by a writing on the back thereof.

At the trial of this action the defendant was permitted to show that a part of the consideration for his guaranty was the oral promise of the plaintiff to notify the defendant of the fact in the event that there should be a default in four successive installments. The plaintiff excepted to the admission of such testimony and now contends that its ad-

mission violated the rule that oral evidence will not be received to vary a written instrument.

A contract of guaranty is an agreement separate and distinct from the main agreement; 12 R. C. L. Page 1077; and when attached to a note after the execution and delivery thereof must be supported by an independent consideration; 28 C. J. 1026; *Green* v. *Shepherd,* 5 Allen 589. The consideration not being recited in the writing signed by the defendant the plaintiff was permitted to introduce oral testimony to the effect that the discharge of the attachment and withdrawal of the suit was the consideration for the guaranty. The defendant was entitled to meet this testimony and show by parol that a part consideration for his promise was the plaintiff's promise to give defendant notice if the weekly payments should become four weeks in arrears and that the plaintiff had failed to keep this promise; *Dinch* v. *Workman,* 84 Pa. Sup. Ct. 39; *Gerstein* v. *Weisbrott,* 202 N. Y. Supp. 240. This is not at variance with the general rule that parol evidence will not be received to show that the guarantor's agreement was not as stated in the writing or to incorporate conditions or limitations affecting the guarantor's liability. See 6 Encyc. of Evidence, 271, 272.

The defendant was permitted to submit testimony to the effect that at the time when the payments became four weeks in arrears the makers of the note were possessed of property and that as a result of the plaintiff's failure to give notice to the defendant he lost an opportunity to protect himself against ultimate loss. Plaintiff excepted to the admission of this evidence and attempted to show in rebuttal of the same that the testimony was untrue, but was not permitted either to cross-examine the defendant's witness, who had testified as to the property of the makers at said time, or to show by plaintiff's own witness that at said time said makers were possessed of no property. To these rulings the plaintiff excepted.

The plaintiff contends that the evidence showing damage

to the defendant caused by lack of notice was inadmissible for the reason that, as the plaintiff contends, under the law of Massachusetts, where the contract of guaranty was made, a guarantor is not entitled to notice of the principal's default.

A member of the Massachusetts bar, called as an expert by the plaintiff, testified that under the law of Massachusetts a guarantor is not entitled to notice of the principal's default. The witness cited no authority to support his testimony.

As a general rule—excluding guarantors of promissory notes—the witness' statement was probably correct, but we think he was mistaken when he, in effect, testified that under the law of Massachusetts a guarantor of a note is not entitled to notice of the principal debtor's default. In *Welch* v. *Walsh*, 177 Mass. 555, 560, Loring, J., said: "It was decided in this Commonwealth in *Oxford Bank* v. *Haynes*, that the guarantor of a note, even when the only person liable on it is the principal debtor, is entitled to such a notice and if he is damnified by not receiving it within a reasonable time, he is discharged; that case has been followed or recognized in many subsequent cases (six cases cited). This rule has been recognized for more than seventy years, and it is now too late to question it."

The defendant having testified that he was damaged by the want of notice when said makers were possessed of property and having produced another witness who testified to the same effect, the plaintiff was entitled to rebut such testimony. The rulings excluding all cross-examination of said witness, as well as the ruling excluding evidence that said makers had no property at the time in question, were erroneous, and the exceptions to such rulings are sustained. The plaintiff's other exceptions are overruled and the case is remitted to the Superior Court for the county of Newport for a new trial.

*Robert M. Dannin,* for plaintiff.

*Sheffield & Harvey,* for defendant.