**PAVLANTOS v. GAROUFALIS.**

No. 1453.

Circuit Court of Appeals, Tenth Circuit.

April 1, 1937.

Francis E. Wood, of Albuquerque, N. M. (O. N. Marron, of Albuquerque, N. M., on the brief), for appellant.

J. S. Vaught and Joseph Gill, both of Albuquerque, N. M., for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

204

BRATTON, Circuit Judge.

This is an action by Pelagia Garoufalis against Anthony G. Pavlantos to recover on a written contract of guaranty. Plaintiff was the wife of Gus Bruskas. She sued him in the district court of Bernalillo county, N. M., for divorce, custody of their minor child, alimony, and division of community property. Pavlantos was made a party defendant in that action for the alleged reason that he was a partner of Bruskas in business and joint owner with him of certain property in which plaintiff claimed a community interest. Bruskas and Pavlantos filed separate answers. On November 27, 1929, the court made an announcement in the nature of findings and opinion in which it was stated that a decree of divorce in favor of plaintiff would be entered; that the residence would be awarded to plaintiff; and that the court would take charge of certain money in bank and indicated how it should be disbursed. Then followed this pronouncement: "Now, under the circumstances of the case I feel that the defendant should pay a substantial amount by way of settlement, maintenance, alimony and share of community property, whatever it may be, which it is not necessary to determine. In lieu of all claims accruing to the plaintiff by reason of the marital relation, I think it advisable to provide for an installment payment over a fairly long term, which will be considered both as alimony and as adequate payment in discharge of any community share which the plaintiff might have. The court will require the defendant to pay to the plaintiff the sum of One Hundred and Twenty-five Dollars a month for a period of forty-five months. In case of remarriage of plaintiff, this would be adjusted on application of defendant."

Later that day, plaintiff and Pavlantos entered into the contract of guaranty, reading:

"This Agreement, made and entered into this 29th day of November, 1929, by and between Anthony G. Pavlantos, party of the first part, and Pelagia Bruskas, party of the second part, Witnesseth:

"That Whereas, in Cause No. 17,529 in the District Court of Bernalillo County, New Mexico, the second party asserts and makes a claim of interest to certain real estate in the City of Albuquerque, Bernalillo County, New Mexico, by reason of an alleged share or interest of Gus D. Bruskas

therein, which alleged interest is detrimental to the party of the first part; and

"Whereas, in the above numbered cause, a Decree is about to be given by the court to the party of the second part for the payment of One Hundred Twenty-five Dollars ($125.00) a month for a period of forty-five (45) months by Gus D. Bruskas to said party of the second part, and the payment thereof secured by a lien upon all property owned or claimed by Gus D. Bruskas;

"Now Therefore, in consideration of the premises, and the payment of One Dollar, receipt whereof is hereby acknowledged, by said party of the second part to the party of the first part, the said party of the first part hereby unconditionally guarantees to the party of the second part the payment of the said amount of One Hundred Twenty-five Dollars ($125.00) per month for forty-five months to the said party of the second part;

"That in consideration of the foregoing, the party of the second part hereby waives any rights or claims she may have upon any property or rights now claimed or owned by Gus D. Bruskas or the party of the first part, or either of them, and consents that the proposed Decree above mentioned shall provide accordingly."

Seven days thereafter, on December 6th, the court entered a final decree in the action. Plaintiff was granted a divorce and given custody of the child. The home and furnishings were awarded to her; all other property was awarded to Bruskas, and this language followed: " * * * that by way of alimony and money for the support of said minor child, said defendant, Gus D. Bruskas, be and he hereby is ordered and directed to pay to plaintiff the sum of One Hundred Twenty-five Dollars ($125.00) per month for a period of forty-five (45) months, payable on or before the 10th day of each calendar month, beginning with the month of December, 1929, subject, however, to the right of said defendant to apply to the court for a modification of this decree with respect to said payments in event of the remarriage of plaintiff or the death of said minor child; and it being made to appear to the court that said defendant has amply and sufficiently secured the payment of said monthly installments, it is ordered and decreed that this decree shall in nowise be held or construed as a lien or encumbrance on any property, real, personal or mixed, of the defendant, Gus D. Bruskas,

whether now owned or hereafter acquired." The court further found that no partnership existed between Bruskas and Pavlantos as alleged in the complaint, and that plaintiff take nothing against the latter. It is stipulated that the provision in the decree respecting ample and sufficient security for payment of the monthly installments was meant and intended to refer to the contract of guaranty.

Bruskas made the monthly payments for ten months. He then petitioned the court to modify the decree on the ground that plaintiff had married A. Garoufalis. No action was taken on the petition until July, 1935. The court entered an order at that time in which it was found that Bruskas had fully complied with the decree until the marriage of plaintiff to Garoufalis and that he had made a fair and reasonable contribution to the support of the minor child to the time of the hearing. The original decree was modified by requiring Bruskas to pay $25 per month thereafter for the care, maintenance, and support of the child and by relieving him of all other claims or obligations for alimony and support money for the child. Plaintiff did not make demand on Pavlantos for payment of any sum prior to the entry of such modifying order.

This action was subsequently instituted. Plaintiff alleged that Bruskas made ten payments of $125, but defaulted in making the remaining thirty-five. She sought judgment for that amount with interest at the rate fixed by law. The court found that the consideration for the contract was the release of plaintiff's claim of community interest in certain real estate in the city of Albuquerque known as the Rio Theatre building; that under the terms of the agreement, Pavlantos guaranteed unconditionally payment of $125 per month for forty-five months; and that Bruskas had made twelve payments. Judgment was rendered for $4,248.75 representing thirty-three payments with accrued interest. Pavlantos appealed.

■ There is no issue of fact. The controversy between the parties relates exclusively to the construction which should be placed upon the contract. It is a rule of universal acceptation that in the interpretation of a contract, the court may look to the language employed, the subject-matter and the surrounding circumstances; and then avail itself of the light which the parties possessed at the time the contract was executed. United States v. Peck, 102 U.S. 64, 26 L.Ed. 46; Merriam v. United States, 107 U.S. 437, 2 S.Ct. 536, 27 L.Ed. 531; Chicago, Rock Island Railway Co. v. Denver & Rio Grande Railroad Co., 143 U.S. 596, 12 S.Ct. 479, 36 L.Ed. 277; United States v. Bethlehem Steel Co., 205 U.S. 105, 27 S.Ct. 450, 51 L.Ed. 731; Operators' Oil Co. v. Barbre (C.C.A.) 65 F.(2d) 857; Catskill Nat. Bank v. Dumary, 206 N.Y. 550, 100 N.E. 422; Utica City Nat. Bank v. Gunn, 222 N.Y. 204, 118 N.E. 607; Merrimac Chemical Co. v. Moore, 279 Mass. 147, 181 N.E. 219; Shively v. Globe Mfg. Co., 205 Iowa, 1233, 219 N.W. 266.

■ This contract expressly referred to the decree about to be entered and disclosed that the provision awarding the monthly payments gave rise to the execution of the contract. The decree referred to the contract as constituting ample and sufficient security for the payments and it was accepted in lieu of a lien upon the property of Bruskas. Seven days intervened between the execution of the contract and entry of the decree. Manifestly, the two should be considered together in the light of the attending background in ascertaining and giving effect to the mutual intention of the parties when they executed the instrument. Coughran v. Bigelow, 164 U.S. 301, 17 S.Ct. 117, 41 L. Ed. 442; First Nat. Bank v. Spalding, 177 Cal. 217, 170 P. 407; Charlestown Five Cents Sav. Bank v. Zeff, 275 Mass. 408, 176 N.E. 191; Catskill Nat. Bank v. Dumary, supra. Compare, Doherty Research Co. v. Vickers Petroleum Co. (C.C.A.) 80 F.(2d) 809.

Bruskas was not in default under the terms of the decree at the institution of this action or afterwards. That is conceded. But it is urged in support of the judgment that the contract was not made to guarantee the provisions of the decree; that instead it was an unconditional guaranty; and that Pavlantos is liable upon it entirely apart from the decree. If carried to its final analysis, the argument means that even though the decree had not been modified and Bruskas had paid the forty-five installments in full, plaintiff could recover the entire sum from Pavlantos.

■ A contract of surety is the joint and several obligation of the principal and surety. A contract of guaranty is a promise to pay or an assumption of performance of some duty upon failure of another who

is primarily obligated in the first instance. It usually is a separate undertaking in which the person primarily liable does not join. It is a collateral agreement and imparts the existence of two different obligations, one of the principal obligor and the other of the guarantor. Mellon Nat. Bank v. Citizens Bank & Trust Co. (C.C.A.8th) 88 F.(2d) 128, decided February 18, 1937; Border Nat. Bank v. American Nat. Bank (C.C. A.) 282 F. 73; First Nat. Bank v. Nakdimen, 111 Ark. 223, 163 S.W. 785, Ann.Cas. 1916A, 968; Saint v. Wheeler & Wilson Mfg. Co., 95 Ala. 362, 10 So. 539, 36 Am. St.Rep. 210; News-Times Pub. Co. v. Doolittle, 51 Colo. 386, 118 P. 974; Cowan v. Roberts, 134 N.C. 415, 46 S.E. 979, 65 L. R.A. 729, 101 Am.St.Rep. 845; Wachovia Bank & Trust Co. v. Clifton, 203 N.C. 483, 166 S.E. 334, 84 A.L.R. 725; McGee v. F. W. Poe Mfg. Co., 176 S.C. 288, 180 S.E. 48, 99 A.L.R. 1468; Arnold, Suretyship & Guaranty, 14.

▆ Contracts of guaranty are divided into two kinds. One is absolute or unconditional and the other is conditional. An absolute guaranty is an unconditional undertaking on the part of the guarantor that the person primarily obligated will make payment or will perform, and such a guarantor is liable immediately upon default of the principal without notice. A conditional guaranty is an undertaking to pay or perform if payment or performance cannot be obtained from the principal obligor by reasonable diligence. Beardsley v. Hawes, 71 Conn. 39, 40 A. 1043; Hubbard v. Haley, 96 Wis. 578, 71 N.W. 1036; Cownie v. Dodd, 167 Iowa, 627, 149 N.W. 904; Leftkovitz v. First Nat. Bank, 152 Ala. 521, 44 So. 613; Great Western Printing Co. v. Belcher, 127 Mo.App. 133, 104 S.W. 894. An absolute guaranty, unlike a conditional one, casts no duty upon the creditor or holder of the obligation to attempt collection from the principal debtor before looking to the guarantor. Johnson v. Charles D. Norton Co. (C.C.A.) 159 F. 361; Miller v. Northern Brewery Co. (D.C.) 242 F. 164; Karraker v. Ernest (D.C.) 4 F.(2d) 404; Welch v. Walsh, 177 Mass. 555, 59 N.E. 440, 52 L.R.A. 782, 83 Am.St.Rep. 302; McMurray v. Noyes, 72 N.Y. 523, 28 Am.Rep. 180; Sherman, Clay & Co. v. Turner, 164 Wash. 257, 2 P.(2d) 688. Both presuppose default by the principal.

▆ The contract was an absolute guaranty as distinguished from a conditional one. By its terms Pavlantos guaranteed payment of the forty-five installments specified in the decree for which Bruskas was primarily liable. Plaintiff did not surrender her community interest in the property in exchange for the guaranty. She merely waived her lien upon the property as security for such payments and accepted the guaranty as substituted security. The payments fixed in the decree were subject to reduction or termination on application in case of remarriage, and the guaranty necessarily was given subject to the same contingency. The order modifying the decree extinguished the payments and relieved Bruskas of further liability for them. That ended the liability of the guarantor for them.

The judgment is reversed, and the cause remanded.